Hon. EDGAR N. HARWOOD, } Associate Justices.
Hon. WILLIAM H. DE WITT, }

---

ESTILL ET AL., APPELLANTS, v. IRVINE, RESPONDENT.

FINDINGS—*Practice—Failure to find on material issue.*—The failure of the trial court to find specifically upon a material issue of fact, upon which a finding was properly requested in writing, is ground for reversal, although the judgment would not have been altered had such finding been made, as an affirmance of the judgment would require the bringing of another suit to adjudicate the issue in question.

*Appeal from Third Judicial District, Deer Lodge County.*

The cause was tried before DURFEE, J., without a jury.

*Robinson & Stapleton,* for Appellants.

The court erred in failing to find the amount of water that the plaintiffs owned. This is one of the material issues of the case as presented by the pleadings, and the rule is, that where the court fails to find on a material matter the judgment should

be reversed. (*Kimball* v. *Storner*, 65 Cal. 116; *Haffenegger* v. *Bruce*, 54 Cal. 418; *Polhemus* v. *Carpenter*, 42 Cal. 382; *Logan* v. *Hale*, 42 Cal. 648; *Hathaway* v. *Ryan*, 35 Cal. 190; *Warring* v. *Freear*, 64 Cal. 54; *McLaughlin* v. *Del Re*, 64 Cal. 472.) The appellants requested the court to find on that question. The finding that defendant was entitled to all the water of the north channel is practically no finding at all. In a case like this where the waters divide, even if the amount was fixed and definite at one time, two thirds in one channel and one third in the other, the least disturbance would change the result, and throw the greater portion in the other channel, and the said finding fixes no rights between the parties at all.

*O. B. O'Bannon*, and *Forbis & Forbis*, for Respondent.

Admitting that appellants were entitled to an exception to the failure of the court to find the capacity of the plaintiffs' ditch, we insist that under the evidence in the case such finding was useless and immaterial, and if so, it was not error in the court to refuse to make the finding. (*Johnson* v. *Perry*, 53 Cal. 351; *Robinson* v. *Placerville & S. V. R. Co.* 65 Cal. 263; *Hutchings* v. *Castle*, 48 Cal. 152; *McCourtney* v. *Fortune*, 57 Cal. 617; *Robarts* v. *Haley*, 65 Cal. 402; *People* v. *Center*, 66 Cal. 551; *Knowles* v. *Seale*, 64 Cal. 377.)

BLAKE, C. J. — The complaint alleges, in substance, that the plaintiffs (who are the appellants) are the owners of five hundred inches of water flowing in Tin-Cup Joe Creek, and have been using the same more than eighteen years; that their predecessors in interest made an appropriation thereof in 1867 for the purpose of irrigating crops; that the defendant (who is the respondent) has been for a long time diverting this water from the stream, and depriving the plaintiffs of its use, and threatens to continue such diversion. The complaint was verified July 26, 1887. The answer consists of denials, which admit, however, that the plaintiffs are the owners of eighty inches of said water, and that the same has been used since 1867 by the plaintiffs or their predecessors in interest, and that the plaintiffs are the prior appropriators thereof. The answer denies that defendant has deprived the plaintiffs of the use of said water, or has

threatened to continue any diversion thereof, and "denies that five hundred (500) inches of said waters are or always have been required or needed to irrigate the land mentioned in the complaint, or any greater amount than one hundred and forty-four (144) inches." The answer was filed July 30, 1887. The relief prayed for was a perpetual injunction to restrain the defendant from diverting said water, and depriving the plaintiffs of the same.

The action was tried by the court without a jury, and the following findings of fact were filed: Prior to the year 1879, the ditch in controversy was constructed by the plaintiffs and their predecessors in interest, and their "right to the water was recognized by all parties from that time."

The plaintiffs, since the year 1879, "have used the said ditch and waters of said Tin-Cup Joe Creek to the full capacity of the said ditch, when there was sufficient water to fill the same, and without any interruption from said defendant. . . . . That at the time of the commencement of this action the plaintiffs were entitled to the use of the waters of Tin-Cup Joe Creek to an amount of not less than eighty (80) inches, nor more than one hundred and forty-four (144) inches, measured by the laws of Montana, the exact amount it is unnecessary to find herein, for the reason set out in findings hereinafter mentioned. That the plaintiffs on the day of the commencement of this action, and for some time previous thereto, and during the irrigating season of 1887, had been using the waters of said creek to the full extent of their right to said waters, as far as defendant is concerned. . . . . That defendant, at the time of the commencement of this suit, was entitled to use of the waters of said creek the amount which flowed in the north channel of Tin-Cup Joe Creek. . . . . That the defendant, in the year 1880, appropriated the water that was flowing in said north channel, and used every year thereafter, up to the commencement of this suit, said waters so appropriated, for the irrigation of a tract of land owned by the defendant. . . . . That the waters of said Tin-Cup Joe Creek divide at the point . . . . into two channels, one called the 'south channel,' and the other the 'north channel,' and that the waters naturally flow in said channel in the following proportions, to wit, one third in the north chan-

nel and two thirds in the south channel. . . . . That the defendant in the year 1887 used only the waters flowing in said north channel, and *in no greater amount* than he had used in the preceding years after his said appropriation. . . . . The defendant has not diverted or used any of the waters of said creek belonging to or owned by the plaintiffs, or either of them. . . . . The point of diversion on the part of defendant is below the point of diversion of the plaintiffs. . . . . The defendant takes the water out of the north channel of said creek, and by means of a ditch carries it to the south channel, below the head of plaintiffs' ditch, and from said south channel runs the water into a ditch which carries it onto defendant's land. . . . . That at the time of the commencement of this action, and for a time previous thereto, and thereafter, waters to the amount of from fifteen to thirty inches were flowing down said south channel past the head of plaintiffs' ditch."

The court found, as a conclusion of law, that " the plaintiffs are not entitled to a perpetual injunction restraining the defendant from diverting the water," and judgment was entered for the defendant for his costs.

It appears from one bill of exceptions that " at the trial of said cause, after the same had been argued by counsel, and before the same was submitted to the court for its decision, the said plaintiffs, among other things submitted to the court to find on as facts, asked the court to find definitely the amount of water that plaintiffs were entitled to and owned, and drew up a finding, and presented the same to the court, to find on as to the same, and which requests were as follows: . . . . That plaintiffs own, and have ever since prior to the year 1879 owned, the waters of said Tin-Cup Joe Creek, to the extent and amount of ———— inches, measured under a six-inch pressure, and in the manner provided in the laws of Montana for the measurement of water; and that the court failed to find on said question as to the definite amount of water owned by plaintiffs."

It is evident that this was one of the material issues in the case, and we are unable to find a legal reason for its omission by the court. The rights of the parties demanded that this matter should be passed upon so that the litigation growing out

of the controversy might be finally determined. The plaintiffs are entitled by appropriation to the prior use of a certain quantity of the water which flows in Tin-Cup Joe Creek, and it is not a valid finding to state that this is not less than eighty inches, and not more than one hundred and forty-four inches. The diversion of the stream into channels is not a controlling element. We take judicial notice of the laws of nature, and can say that the proportion of the water which will run in the branches of this stream must change from year to year, and be liable to sudden variations by freshets, floating objects, shifting sands, or other causes. One third of the water of Tin-Cup Joe Creek may be found in the north channel to-day, and this portion, through natural forces, may increase or diminish to-morrow. The rights of litigants cannot be based upon such uncertainties. If we assume that, through the action of the causes which have been specified, there are eighty inches of water in this stream, and that one tenth thereof is flowing in the south channel, and the remainder is in the north channel, what can be claimed by the appellants for their prior use, under the findings? It is maintained by the respondent that this issue is immaterial, inasmuch as the court has found that the appellants have enjoyed without interruption their right to the water in controversy. We concede that the Supreme Court of California has often asserted the rule that a judgment will not be reversed through the failure to find upon certain issues which would not require a different judgment. (*Johnson* v. *Perry*, 53 Cal. 351; *Robarts* v. *Haley*, 65 Cal. 397; *People* v. *Center*, 66 Cal. 551; *Malone* v. *County of Del Norte*, 77 Cal. 217.) These decisions have been made under a Code of Civil Procedure which does not embody many provisions relating to findings of facts which are enforced in this State. In *North* v. *Peters*, 138 U. S. 271, Mr. Justice Lamar in the opinion said: "In the case of *Dole* v. *Burleigh*, 1 Dak. 227, on which counsel for appellant mainly relies, the trial court omitted to find upon a material issue presented by the pleadings, but it made no additional findings. The court laid down and applied the long established principle, nowhere controverted, that the findings of fact by a court, like a special verdict, must decide every point in issue, and that the omission to find any material fact

in issue is an error which invalidates the judgment." Our statute has affixed to this doctrine the following restrictions: "No judgment shall be reversed on appeal, for want of a finding in writing, at the instance of any party who at the time of the submission of the cause shall not have requested a finding in writing, and had such request entered in the minutes of the court." (Code Civ. Proc. § 280.) The exceptions *supra*, show that the appellants complied with this and other requirements of the Code. The answer does not contain any allegations of facts, and prays for a judgment for costs, and admits, as already construed, that the plaintiffs have the prior right to the use of eighty inches of the water of Tin-Cup Joe Creek. Yet there is a finding by the court, without any qualification, that the respondent is entitled to the water which was flowing in the north channel. The statute, *supra*, secures, if possible, more firmly than ever the right of a litigant to the judgment of a court upon the material issues to be tried and decided, regardless of their effect. When a proper request for such finding has been refused, it is not a sufficient justification, in an equitable proceeding, to insist that the result would not have been altered. The judgment of the court below, if affirmed, compels the appellants to bring another action, in order that this issue may be finally adjudicated. We are of the opinion that a multiplicity of suits can be prevented by remanding the case for further proceedings.

It is therefore ordered and adjudged that the judgment be reversed and the cause be remanded, with directions to the court below to find the facts requested on the testimony taken, and such further testimony as may be taken before the court, and enter judgment thereon.

HARWOOD, J., and DE WITT, J., concur.