[No. 13283.   Department One. — September 14, 1891.]

BENJAMIN ELY, RESPONDENT, v. LOUISA J. FERGUSON, APPELLANT.

WATER RIGHTS — APPROPRIATION OF SPRINGS UPON PUBLIC LAND. — Water flowing from springs upon public land of the United States may be appropriated under the provisions of the Civil Code; and the fact that the ditch used to convey the water was constructed up to the mouth of the largest spring cannot affect the result.

ID. — SPRINGS APPURTENANT TO UNSURVEYED PUBLIC LAND — DEED OF POSSESSORY RIGHT — OBSTRUCTION OF FLOW — INJUNCTION BY SUBSEQUENT PATENTEE. — The fact that the land to which springs of water were conveyed by an appropriator was at the time unsurveyed public land did

not prevent the water from becoming appurtenant thereto, so as to pass by a deed of the possessory right to the land with its appurtenances, it appearing that the appropriator was, at the time of the appropriation, a rightful occupant of the land, and not a trespasser thereupon; and his successor in interest, who has acquired a patent to the land, may enjoin an obstruction of the flow of the water thus made appurtenant to the land by the first possessor.

APPEAL from a judgment of the Superior Court of Lake County, and from an order denying a new trial.

The facts are stated in the opinion.

*Ira C. Jenks,* and *R. W. Crump,* for Appellant.

*F. E. Baker,* for Respondent.

BELCHER, C. — The plaintiff brought this action to obtain a perpetual injunction restraining the defendant from obstructing the flow of water into a ditch constructed to convey the water to his land, to be there used for domestic and irrigating purposes. The court below granted the injunction as prayed for, and the defendant appeals from the judgment, and an order denying a new trial.

The ditch referred to was constructed in 1862 by one Jamison, and it extended from the land now owned by plaintiff to that now owned by defendant. These two tracts of land were situate in Lake County, and were then public land of the United States, but were separately inclosed and occupied by Jamison.

On the land now owned by defendant there was a marsh containing about four acres, and on one side of it were hills, near the base of which several springs of water flowed out, carrying in the aggregate, during the summer and fall months, as estimated, about twenty-four inches of water, measured under a four-inch pressure. These waters flowed into the marsh, and thence through a natural channel to and across the land now owned by plaintiff. The ditch was constructed around the side of the marsh so as to take in the waters of all the springs and conduct them to plaintiff's land

at points higher than they would otherwise have reached.

In 1867, Jamison posted and had recorded a notice that he claimed all the water flowing from the different springs, for purposes of irrigation. In 1870, he sold his possessory claim to the land now owned by defendant, and one half of the water appropriated by him to one Chambers, and reserved by his deed the other half of the water for use on the land now owned by the plaintiff, where he then lived. In 1872, he posted and caused to be recorded another notice of appropriation, in which he claimed one half of the water flowing from the different springs, amounting to twelve inches under a four-inch pressure, and the ditch already constructed.

Chambers sold his possessory claim to R. K. Ferguson, the defendant's predecessor in interest, who in 1885 obtained a United States patent to the land, "subject, however, to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes, and rights to ditches and reservoirs used in connection with such water rights."

Jamison continued to live on the land now owned by the plaintiff, and to use the water carried to it by his ditch for irrigating and other purposes, until 1872, when he conveyed the land with its appurtenances to one White, who in 1878 obtained a United States patent therefor. White conveyed to Getz in 1879, and Getz to the plaintiff in 1883, who has ever since been the owner of the land. Each of these deeds described the land and granted the title thereto, with its appurtenances.

Each of the plaintiff's grantors, while they respectively owned the land, and afterwards the plaintiff, continued to claim and use thereon one half of the water flowing from the springs, until June, 1887, when the defendant obstructed the ditch, and thereby prevented any of the said waters from flowing through the same to plaintiff's land.

Only two points are made for a reversal of the judgment. It is claimed,—1. That water flowing from springs

cannot be appropriated, citing section 1410 of the Civil Code, which provides: "The right to the use of running water flowing in a river or stream, or down a cañon or ravine, may be acquired by appropriation"; and 2. That if Jamison did acquire a right to the use of the water of the springs and marsh, the land to which he conducted it was then unsurveyed public land to which he had no semblance of title, and hence the water right did not become appurtenant to the land, and could not be passed to another, except by deed.

We do not think either of these claims can be sustained. Water flowing from springs, as the evidence showed and the court found that this water did, may be appropriated. (*Cross* v. *Kitts*, 69 Cal. 222; 58 Am. Rep. 558; *De Necochea* v. *Curtis*, 80 Cal. 397.) And the fact that the ditch was constructed up to the mouth of the largest spring, as testified by some of defendant's witnesses, cannot affect the result.

So the fact that the land to which the water was taken by Jamison was at the time unsurveyed public land did not prevent the water from becoming appurtenant thereto. He was not a trespasser on the land, but a rightful occupant. All public lands are open to occupation and settlement by citizens of the United States, or those who have declared their intention to become such. He was living on the land, having an orchard and garden thereon, and farming a part of it. And from the earliest times in this state it has been customary to divert water onto the public lands for mining, agricultural, and other purposes, and this right was, in 1866, confirmed and approved by act of Congress. (See act and authorities cited in *De Necochea* v. *Curtis*, 80 Cal. 397.)

The Civil Code provides: "A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way or watercourse, or of a passage for light, air, or heat, from or across the land of another." (Sec. 662; and see *Farmer* v. *Ukiah Water Co.*, 56 Cal. 11.)

It follows, in our opinion, that the court below rightly

granted the injunction, and that the judgment and order should be affirmed.

FITZGERALD, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.