Decided 5 August, 1901.

## BROSNAN v. HARRIS.

[65 Pac. 867.]

RIGHT TO APPROPRIATE WATERS OF SPRINGS.*

There is no difference in the right of appropriation between springs and running streams, and the prior appropriator of the waters of a spring will be as much protected as the appropriator of the waters of a stream.

From Malheur: MORTON D. CLIFFORD, Judge.

Suit by Thomas J. Brosnan to restrain W. P. Harris from interfering with a spring, the waters of which plaintiff had conveyed to his ranch before defendant took up the land on which it is situated. Decree for defendant. REVERSED.

For appellant there was a brief over the names of *Will R. King* and *F. M. Saxton*, with an oral argument by *Mr. King*.

For respondent there was an oral argument by *Mr. William Smith*, with a brief over the name of *Smith & Heilner*, to this effect:

---

*REPORTER'S NOTE ON RIGHTS IN WATERS OF SPRINGS.—*Lord* v. *Meadville Water Co.* 8 L. R. A. 202, 20 Am. St. Rep. 864, 866, and *Bruening* v. *Dorr*, 35 L. R. A. 640, are cases deciding the right of the owner of land whereon there is a spring to control the water, both when the water flows away in a channel, or percolates into a channel, and when it does not.

On the question of the liability of a person who, for a useful purpose and without malice, so excavates on his own land as to affect springs or wells on the land of others, see the following cases: *Collins* v. *Chartiers Valley Gas Co.* 17 Am. St. Rep. 791, 6 L. R. A. 280; *Peoples Gas Co.* v. *Tyner*, 31 Am. St. Rep. 433 (with note, Landowner's Right to Subterranean Waters), 16 L. R. A. 443; *Southern Pac. R. R. Co.* v. *Dufour*, 19 L. R. A. 92 (with note, Rights in Subterranean Waters); *Willis* v. *Perry*, 26 L. R. A. 124 (with briefs); *Williams* v. *Ladew*, 41 Am. St. Rep. 891; *Gould* v. *Eaton*, 52 Am. St. Rep. 201; *Tampa Waterworks Co.* v. *Cline*, 53 Am. St. Rep. 262, 33 L. R. A. 376 (with briefs); *Wheelock* v. *Jacobs*, 67 Am. St. Rep. 659, 663 (with ten-page note, What are Percolating Waters), 43 L. R. A. 105 (with briefs); *Smith* v. *City of Brooklyn*, 45 L. R. A. 664; *Vineland Irr. Co.* v. *Azusa Irr. Co.* 46 L. R. A. 820 (with briefs).

The waters of springs which are the source of supply to running streams form a part of any appropriation of the waters of such stream, and the prior appropriator will be protected in its use : *Low* v. *Schaffer*, 24 Or. 239, 244 (33 Pac. 678); *Strait* v. *Brown*, 16 Nev. 317 (40 Am. Rep. 497). In such case the waters of such springs must flow in well defined, natural channels to such stream : *Low* v. *Schaffer*, 24 Or. 239, 244 (33 Pac. 678); *Simmons* v. *Winters*, 21 Or. 35 (28 Am. St. Rep. 727, note, 27 Pac. 7); · Black, Pom. Rip. Rights (1 ed.), § 62 ; Laws, 1893, p. 150, § 1.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to restrain the diversion of and interference with the water of a certain spring in Malheur County, known as "Fox Spring." Prior to August 4, 1899, the land upon which it is situated was unoccupied public land of the United States. In November, 1898, the plaintiff cut a ditch or trench some thirty feet long through the rim or embankment inclosing the spring, through which, in April, 1899, he conducted its waters into a "kind of a trail or swale that the snow water had made through there, and run it through this channel to" his premises, a quarter to half a mile distant, to be used, and which was used, for watering stock and other purposes, the surplus evaporating or disappearing in the ground without reaching any natural watercourse. In May, 1899, he filed what he intended to be a notice of location of all the waters of the spring, but which proved insufficient for want of a definite description, and soon thereafter contracted with some workmen to enlarge and develop the spring, and lay pipe therefrom to his premises, so as to preserve all the water for use during the summer months, when it was his only natural supply. Before, however, any of this work was done, with the

exception of opening out and enlarging the trench previously dug, the defendant took up the land on which the spring is situated as a homestead, and forbade plaintiff from taking or using the water therefrom. The defendant, in his answer and testimony, admits the existence of the spring, and says that at the time he entered upon the premises there was about an inch and a half of water flowing from it through an opening in the rim or embankment down to the plaintiff's premises. The court below decided in favor of the defendant, holding that the waters of the spring were not subject to appropriation, for the reason that there is no natural stream flowing therefrom, and it is not tributary to, nor does it form a part of, any natural watercourse. The argument is, in effect, that the waters of a perennial spring are not subject to appropriation unless they flow in a natural channel or form part of a watercourse.

There seem to be but few cases in which the rights of the appropriator of the waters of such a spring, as against a subsequent grantee of the government, have been considered. If the waters rise to the surface, so as to form a stream, it may, of course, be appropriated (*De Necochea* v. *Curtis*, 80 Cal. 397, 20 Pac. 563, 22 Pac. 198), even by the construction of ditches up to the spring (*Ely* v. *Ferguson*, 91 Cal. 187, 27 Pac. 587). And in *Cross* v. *Kitts*, 69 Cal. 217 (10 Pac. 409, 58 Am. Rep. 558), the right to acquire title to percolating waters by appropriation is recognized, so far, at least, as to entitle the grantee of the water right to hold the same against a subsequent grantee of the mining claim on which the water was brought to the surface. But it was subsequently held that no right can be acquired by appropriation to the waters of a spring formed by percolation : *Southern Pac. R. R. Co.* v. *Dufour*, 95 Cal. 615, (30 Pac. 783, 19 L. R. A. 92). In the latter case, however, the question was as to the sufficiency of an

alleged appropriation of water on state land under the
statute of California, and may, perhaps, on that ground,
be distinguished from the case in hand. A decision
directly in point is that of *Sullivan* v. *Northern Spy Min.
Co.* 11 Utah 438 (40 Pac. 709, 30 L. R. A. 186), in which it
is held that the discoverer of a flow of percolating water on
public lands may, by digging wells and improving them,
and constantly using the water for beneficial purposes,
acquire a right to take it from such wells as against one
who, by subsequent location, acquires title to the land.
The principle upon which this decision is grounded is
that, where one goes upon public, unoccupied land of the
United States, and diverts the waters thereon from its nat-
ural source, and puts it to some beneficial use, he thereby
acquires a right (which has been recognized by the leg-
islation of congress,— Rev. Stat. U. S. §§ 2339, 2340) to
continue such diversion and use as against a subsequent
settler upon the land ; and it is unimportant whether the
diversion is from a natural watercourse, or a spring, or a
well formed by percolation.   Whatever doubt may exist
elsewhere upon the question, it would seem that the right
to make such an appropriation of waste, spring, or seepage
water finds recognition in the legislation of this state.
The act of 1893 (Laws, 1893, p. 150), governing the right
of priority to waste, spring, and seepage waters, provides
that all ditches now constructed, or hereafter to be con-
structed, for the purpose of utilizing the waste, spring, or
seepage waters of the state, shall be governed by the same
laws relating to priority of right as ditches constructed for
the purpose of utilizing the waters of running streams.
Under this provision there would seem to be no distinction
between the right to appropriate the waters of running
streams and those of springs.   The decree of the court
below is therefore reversed, and one will be entered here
in plaintiff's favor.                              REVERSED.