QUINLAN, RESPONDENT, v. CALVERT, APPELLANT.

(No. 1,924.)

(Submitted June 16, 1904.  Decided July 8, 1904.)

*Trial by Court—Findings — Sufficiency—Implied Findings—Request for Findings—Water Rights.*

1. A party litigant is entitled to a specific finding on each material issue, but he cannot be heard to complain where no finding is made unless he has complied with the statute in requesting the same.
2. Where the court stated that it would make findings of fact, defendant was relieved from making any request for findings, and the submission of written findings had the effect of requesting findings in writing on the material facts involved.
3. Where affirmative matter is set up in the answer, no finding can be implied as to such independent issue, where a specific finding was requested thereon.
4. Where affirmative matter is set out in the answer, and a request made for a finding thereon, a finding that all the material allegations of the complaint are true, and directing that judgment be entered for plaintiff, is insufficient.
5. The mere fact that water has its source on land owned by a person does not of itself necessarily give him the exclusive right thereto, so as to prevent others from acquiring rights therein under the laws of this state.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

ACTION by Harry J. Quinlan against Ed. Calvert.  From a judgment for plaintiff, and an order overruling his motion for a new trial, defendant appeals.  Reversed.

*Mr. H. R. Whitehill,* for Appellant.

*Mr. W. H. Trippet,* and *Mr. J. H. Duffy,* for Respondent.

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

In this action plaintiff seeks to obtain a perpetual injunction restraining the defendant from interfering with a ditch constructed by plaintiff for the purpose of draining marsh lands owned by plaintiff.  The trial was by the court sitting without a jury, and judgment was entered in accordance with the prayer

of the complaint. From this judgment, and from an order over-ruling defendant's motion for a new trial, defendant appeals.

Much of the evidence appearing in the record is indefinite, for the reason that witnesses continually made use of the terms "here" or "there," as though indicating on a map or plat; but the maps put in evidence contain no marks, nor does the evidence contain any statement, by which the particular locations meant by the witnesses in the use of these terms can be ascertained. It sufficiently appears, however, from the pleadings and the evidence, that the plaintiff is the owner of certain lands, a part of which is rendered marshy by water coming to the surface; that this water drains into Dry Modesty creek, the channel of which extends in a northeasterly direction; that the ditch or drain constructed by plaintiff extends in a southeasterly direction, and has the effect of preventing the water flowing from this marshy land from entering the Dry Modesty channel, except to cross the same in plaintiff's ditch. Many of the material allegations of the complaint are denied by the answer, and defendant sets up an affirmative defense to the effect that the waters from this land formed a running stream which flowed into Dry Modesty channel; that defendant had made location thereof, and was using the same in irrigating lands which it is admitted defendant owned. "At the close of the evidence, and after the same had been argued by counsel, the court stated that it would make findings of fact, and ten days * * * were granted by the court to defendant to submit in writing his findings, and which [order] was entered in the minutes of the court. That thereafter, * * * before any findings were made by the court, and before judgment was rendered thereon, defendant submitted certain findings in writing on the questions embraced in the pleadings in said action, to the court to find thereon; the said finding so presented to the court [being] as follows." The findings are then set out in full in the record. Some of these findings submitted were on material issues. The court considered these findings submitted, acted thereon, and refused the same, and defendant excepted.

It is claimed by respondent that appellant did not "request findings in writing and have such request entered in the minutes of the court," as required by Section 1114 of the Code of Civil Procedure. But it does appear "that the court stated that it would make findings of fact."

The defendant had the right, in view of this statement, to presume that the court would make findings on all the material issues, and was thereby relieved from making any request for findings at all. Furthermore, it appears that the court gave the defendant ten days "to submit in writing his findings"— not request for findings, but the findings themselves, which he desired the court to make. The court was not bound by either the form or the substance of the findings submitted, but the submission of written findings, under such circumstances, had the effect of requesting "findings in writing" on the material facts involved therein, and the findings submitted show the particular point or issue upon which the defendant required a finding. The exception taken therefore complies with Section 1115, Code of Civil Procedure.

In the record appears this entry:

"Findings and Conclusions of Law by the Court.
"Conclusions of Law.

"The court finds all the material allegations of plaintiff's complaint are true.

"Findings.

"Let judgment be entered for the plaintiff according to the prayer of his complaint."

This is dated and signed by the judge.

The first statement is not a conclusion of law, but a general finding of fact, as the same appears in the allegations of the complaint. The second statement is neither a finding of fact nor a conclusion of law, but an order that judgment be entered for the plaintiff. A general finding of facts in this form was held sufficient in *County of Sutter* v. *McGriff*, 130 Cal. 124, 62 Pac. 412, but the reasons for the decision are not stated in

the opinion. A general finding was also held sufficient in *Bitter* v. *Moaut Lumber, etc. Co.,* 10 Colo. App. 307, 51 Pac. 519, but in this latter case no answer had been filed, and the facts were not in dispute. In *Moore* v. *Clear Lake Waterworks,* 68 Cal. 146, 8 Pac. 816, a finding to the effect that all the allegations of the complaint are true, and the allegations of the answer are untrue, was held sufficient.

This form of finding, however, could not be sustained in this case, for some of the affirmative allegations of the answer were admitted by the replication.

If the doctrine of implied findings in force in this state (*Gallagher* v. *Cornelius,* 23 Mont. 27, 57 Pac. 447), can be invoked in aid of the general finding herein, such implied finding can go no further than that all the allegations of the answer inconsistent with the allegations of the complaint and not admitted in the reply are untrue. The general finding made by the court, by its terms, applies only to the allegations of the complaint. The affirmative matter set up in the answer is not included therein, and no finding can be implied as to an independent issue raised for the first time in the answer, where a specific finding was requested thereon. (*Estill* v. *Irvine,* 10 Mont. 509, 26 Pac. 1005.)

This brings this case directly in conflict with the decision in *Krug* v. *Lux Brewery Co.,* 129 Cal. 322, 61 Pac. 1125, and cases cited.

The doctrine of implied findings is not followed in California, but where the statute requires findings to be made the principle is the same. Section 1111, Code of Civil Procedure, requires findings to be given in writing and filed with the clerk. Section 1112 of the same Code requires the court to state (a) the facts found; (b) the conclusions of law; and (c) to order judgment entered thereon. The same Code also specifies the circumstances under which the findings of fact may be waived: (1) By failing to appear at the trial; (2) by consent in writing filed with the clerk; (3) by oral consent in open court, entered in the min-

utes (Section 1113); (4) by an agreed statement of facts (Section 1117); (5) in case of judgment by default (Section 1020). This case does not fall within any of these enumerations. The evident meaning of the statute is that a party litigant is entitled to a specific finding on each material issue, but that he cannot be heard to complain where no finding is made unless he has complied with the statute in requesting the same.

Very material issues were presented by these pleadings. The mere fact that this water has its source on land now owned by plaintiff does not of itself necessarily give him the exclusive right thereto, so as to prevent others from acquiring rights therein under the laws of this state. (Section 1239, 5th Div. Comp. St. 1887; Section 1880, Civil Code; Session Laws 1901, p. 152; *Murray* v. *Tingley,* 20 Mont. 260, 50 Pac. 723.)

A discussion of the general principles involved may be found in the following cases, and the notes thereto: *Willow Creek Irrigation Co.* v. *Michaelson,* 21 Utah, 248, 60 Pac. 943, 51 L. R. A. 280, 81 Am. St. Rep. 687; *Southern Pac. R. Co.* v. *Dufour,* 95 Cal. 615, 30 Pac. 783, 19 L. R. A. 92; *Gray* v. *McWilliams,* 98 Cal. 157, 32 Pac. 976, 21 L. R. A. 593, 35 Am. St. Rep. 163; *Sullivan* v. *Northern Spy M. Co.,* 11 Utah, 438, 40 Pac. 709, 30 L. R. A. 186; *Cairo, etc. R. Co.* v. *Brevort,* (C. C.) 25 L. R. A. 527, 62 Fed. 129; *Jose Maria De Necochea* v. *Curtis,* 80 Cal. 397, 20 Pac. 563, 22 Pac. 198; *Ely* v. *Ferguson,* 91 Cal. 187, 27 Pac. 587.

The maxim of jurisprudence announced in Section 4605 of the Civil Code, that "one must so use his own rights as not to infringe upon the rights of another," is a principle of substantive law, peculiarly applicable to equity actions, and is not to be entirely overlooked in passing upon the relative rights of parties in suits of this character, provided the facts appearing, in the judgment of the court, make the principle applicable.

For the failure of the court to make proper findings in this case, we think the judgment and order should be reversed.

PER CURIAM.—For the reasons stated in the foregoing opin-

ion, the judgment and order are reversed, and the cause is remanded for a new trial.

Mr. Justice Milburn, not having heard the argument, takes no part in this decision.