Motion to dismiss appeal denied October 24, 1929; argued
March 26; reversed November 18, 1930.

## HENRICI ET UX. *v.* PAULSON ET UX.

(293 P. 424)

*A. E. Clark* of Portland (Clark & Clark of Portland on the brief) for appellants.

*B. F. Lindus* of Oregon City (W. L. Mulvey of Oregon City on the brief) for respondents.

BEAN, J. It is contended on behalf of the plaintiffs that their right to appropriate the water of this spring by filing on the same in the office of the state engineer has not been adjudicated.

The spring and waters thereof, involved herein, are the exclusive property of defendants. The water of the spring is not subject to appropriation by the plaintiffs; therefore, there is no necessity for the right of way sought to be condemned: *Boyce v. Cupper,* 37 Or. 256 (61 P. 642); *Morrison v. Officer,* 48 Or. 569 (87 P. 896); *Hayes v. Adams,* 109 Or. 51 (218 P. 933); *Willow Creek Irr. Co. v. Michaelson,* 21 Utah 248 (60 P. 943, 51 L. R. A. 280, 81 Am. St. Rep. 687); *Deseret Livestock Co. v. Hooppiania,* 66 Utah 25 (239 P. 479).

The statute of this state, providing for appropriation for beneficial use of the waters of the state, provides for such appropriation of public waters and not of private waters: Or. L., §§ 5715, 5716. The existing rights or vested rights are carefully preserved by the provisions of the statute. The plain language of section 5797 settles the question in this case in favor of plaintiffs. In the enactment of the water code the legislature did not intend or attempt to authorize the appropriation of private property in water to which a right is recognized in the owner of land upon which spring waters first arise by virtue of Or. L. § 5797. The power to so appropriate private property does not reside in the law-making body of the state. After the water from a spring passes therefrom or is mingled with the water of a running stream, a different rule applies. We are not here interested in the rights of an appropriator of the waters of a spring on public land, as against a sub-

sequent donee or grantee of the government or the right to appropriate waters, having their source in a spring on private property but which flow between well-defined banks, so as to constitute an actual stream or watercourse. The record in the present case shows that the spring in question has no overflow, but has a little seepage. There is no showing that there is a natural stream flowing from this spring. In *Boyce v. Cupper,* supra, it was said:

"The rule is general that water percolating the soil beneath the surface, the course of which is unknown, and unascertainable, belongs to the realty on which it is found."

Several Oregon cases are there cited and also a number of cases from other jurisdictions.

*Morrison v. Officer,* supra, was decided after the enactment of Or. L. § 5797. It involved the right to the water of a spring arising upon the land of the defendant. The water of the spring was not sufficient to form a surface stream. It was held that the defendant was the exclusive owner of the waters of the spring and could make such use of it as he chose, and the plaintiff had no right and could acquire no right therein without the consent of defendant. The facts were similar to those in the case at bar. The syllabus is as follows:

"Section 5019, B. & C. Comp. [now Or. L. § 5797] conferring on the owner of land on which spring or seepage water issues the right to use such water, was intended to give such water to such owner, and he may prevent it from passing off his own land."

In *Hayes v. Adams,* supra, referring to certain contentions of one of the parties with regard to subterranean percolating waters, the source of which was unknown and unascertainable, said:

"They invoke the rule recognized by all the authorities, that such waters are a constituent part of the land,

and belong to the owner of the land, with the right in such owner to make any reasonable use thereof, including a use which, either by reason of its character or the manner of its exercise, cuts off or diverts the flow of percolating waters from his neighbor's spring and renders the same dry and useless.'' Citing numerous authorities.

Neither the pleadings nor proof of plaintiffs show any lawful authority to appropriate the right of way over the land of the defendants or any necessity for the appropriation: Chap. 166, Laws 1927; 20 C. J. 949, § 361; *Smith v. Cameron*, 106 Or. 1 (210 P. 716, 27 A. L. R. 510); *Smith v. Cameron*, 123 Or. 501 (262 P. 946).

The plaintiffs rely upon the opinion in the case of *Brosnan v. Harris*, 39 Or. 148 (65 P. 867, 54 L. R. A. 628, 87 Am. St. Rep. 649). That was a suit to restrain the diversion and interference with the water of a certain spring located upon unoccupied public land of the United States, as plainly shown by the language of the learned justice who wrote the opinion, and does not relate to a spring upon land in which the title in fee simple is in private ownership as in the case at bar.

It follows that the judgment of the circuit court must be reversed and the action dismissed. It is so ordered.

Coshow, C. J., Brown and Belt, JJ., concur.