Argued April 17; affirmed June 2, 1931

# KLAMATH DEVELOPMENT CO. *v.* LEWIS
## (299 P. 705)

J. H. *Carnahan,* of Klamath Falls, for appellant.

*James B. Bacon,* of Klamath Falls (C. F. Stone, of Klamath Falls, on the brief), for respondent.

■ KELLY, J. To the writer it is idle to discuss the question of the jurisdiction of the court over the person of the defendant when the order of January 4, 1929, was made dismissing the case. The court had jurisdiction of the subject matter and without any jurisdiction of defendant had authority to enter an order of dismissal. The order of February 1, 1929, setting aside the order of dismissal was made at the same term of court as the order of dismissal itself. It is urged that by virtue of subdivision 2 of section 28-1503, Oregon Code 1930 (§ 956, Or. L.), an order of dismissal made by one judge cannot be set aside by any other judge.

As far as pertinent to this question the section mentioned reads as follows: "Such officer [judicial officer] shall not act as such in a court of which he is a member. * * *. 2. When he was not present and sitting as a member of the court at the hearing of a matter submitted for its decision."

There is nothing in the record to indicate that Judge Duncan was not present and sitting as a member of the court in the hearing of plaintiff's motion to set aside the order of dismissal, and hence the statute is inapplicable.

■■ The general rule is that one judge may not review the action of another judge of co-ordinate jurisdiction. Where, however, another element enters into the consideration of the case by the second judge this general rule is not necessarily applicable: 33 C. J., p. 970, § 99, notes 34 and 39.

The irregularity of the summons was an element in the record not considered when the order of dismissal was made.

450

■ Defendant has waived his right to object to the order vacating the order of dismissal by answering the first amended complaint and going to trial upon the merits: 18 C. J., p. 1213, § 155, note 36 and cases there cited.

■ Practically all of the testimony is to the effect that prior to on or about February 20, 1925, when the waters thereof were first diverted by artificial means under an express agreement with plaintiff the spring in question at all times was upon plaintiff's property and by reason of seepage and evaporation would not flow in any channel or to or upon adjacent property. Such a spring is not subject to appropriation by a person other than the owner of the land: § 47-1401, Oregon Code 1930; *Morrison v. Officer,* 48 Or. 569 (87 Pac. 896); 2 Kinney on Irrigation and Water Rights, § 648, p. 1135, note 9. We hold, therefore, that the board of control had no jurisdiction over the waters of the spring in suit and in so far as the premit issued by the state engineer refers to said spring or the waters thereof it is void: *David et al. v. Brokaw et al.,* 121 Or. 591, 600 (256 Pac. 186).

■ In his brief, defendant contends that because the description of the property comprising the site of the spring in question as set forth in the findings of fact is at variance with its description as stated in the conclusions of law and in the decree of the court; and because in one of the calls in said descriptions the degree is not indicated, but the same reads, "Running thence S. 89 21′ W." &c. the decree cannot be carried into force, effect or operation because it is impossible to determine just what land or property is embraced therein."

Defendant's answer expressly admits that there is a spring known as the "Devil's Teakettle" situated on N.E. ¼, N.E. ¼, sec. 33, township 38 south, range 9 E., Willamette meridian, Klamath county, Oregon, and the affirmative allegations of defendant's answer identify that spring as the one in suit. The description in the first amended complaint, the findings of fact, the conclusions of law, and the decree of the court, after describing the property by metes and bounds, contain the following clause: "containing 10 acres more or less in the N.E. ¼ of sec. 33, twp. 38, S.R. 9 E.W.M. in Klamath County, Oregon." Then it is stated: "This parcel of land also contains the hot spring commonly known as the 'Devil's Teakettle' ". Under this state of the record the defendant should not be heard to say that he can not tell what is meant by the 10-acre tract upon which is situated the spring known as the "Devil's Teakettle".

The decree of the circuit court is affirmed.

BEAN, C. J., ROSSMAN and BELT, JJ., concur.

RAND, J., did not participate.