CITY OF HELENA, RESPONDENT, *v.* HALE, APPELLANT.

(No. 2,621.)

(Submitted March 6, 1909.   Decided March, 20, 1909.)

[100 Pac. 611.]

*District Courts—Trial—Findings—Insufficiency.*

Findings—Request for—Duty of District Court.

1.   Where, in an injunction suit to prevent an operator of a placer mine from allowing waters charged with tailings, sand and debris to flow into a city sewer, the defendant requested the court to make special findings, the method of procedure adopted by the court in merely marking the findings by the words "Given," "Found," and "Refused," disapproved.

Same.

2.   It is the duty of the district court to make findings upon a proper request therefor.

Same—Insufficiency—Defective Findings—Reversal, When.

3.   Where the court's findings in an injunction suit were so lacking in substance as to amount to no findings at all, the case is not one of defective findings, but one which will demand a reversal of the decree for failure of findings to justify it.

*Appeal from District Court, Lewis and Clark County; Thos. C. Bach, Judge.*

ACTION by the city of Helena against Robert S. Hale.  From the judgment and an order denying a new trial, defendant appeals.   Reversed and remanded.

*Mr. Massena Bullard,* and *Mr. William Wallace, Jr.,* for Appellant.

*Mr. Edward Horsky,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal, by the defendant below, from an order denying him a new trial and from a decree of the district court of Lewis and Clark county, granting plaintiff a perpetual injunction restraining the defendant "from charging or allowing or permitting to be charged the waters flowing in Last Chance

gulch through the flume or storm sewer described in the complaint * * * with sand, tailings, or debris from the mining operations or mining ground of the defendant," and also awarding $250 damages against the defendant. The cause was tried to the court alone.

The complaints, original and supplemental, set forth that the plaintiff has constructed a flume or storm sewer through the city of Helena at great expense, and that the defendant has negligently caused to be deposited large quantities of sand, debris, and tailings in the waters used by him for placer mining purposes above the city, and negligently permitted the water so charged by him with sand, debris, and tailings to flow into and through the sewer, filling the same to such a depth as to injuriously affect its usefulness as a watercourse and wear out the material of which it is constructed, thus causing the city to expend large sums of money for clearing out and repairing the sewer, to its damage in the sum of $10,000. The answer contains a categorical denial of the foregoing allegations, and, in addition thereto, alleges affirmatively, *inter alia,* that in the year 1870, long prior to the incorporation of the city, the defendant acquired a right of way for, and privilege of, running water from his placer mines through the natural channel of Last Chance gulch in the condition in which the same was after being used for mining, and has used and enjoyed such right of way and privilege ever since openly, notoriously, and adversely to all persons whomsoever; that since 1873 Wm. A. Chessman has held the right to the use of the waters from a point above the city, and has "obligated and bound himself to take care of said muddy waters at and below said [point] and is now under obligation so to do"; that at the time defendant acquired his right the gulch was of sufficient grade to carry off the waters without injury to any one, but that the city had so changed the course of the flow by means of the flume as to reduce the grade, "so that it was not capable of carrying mining water to the extent that it was capable of carrying mining water when allowed to run through the natural channel, but that, even as so changed and constructed, said flume would have been sufficient

to have carried and conducted said waters without injury or damage to the city if the flume had been kept clean and clear of obstruction, but that the city permitted the said flume to be obstructed'' with rubbish, ''by reason of which the flow of water was checked, obstructed, and impeded, * * * and this defendant alleges that the obstruction or overflowing of water through said flume has not been by reason of any fault of defendant, but by reason of the fault of the plaintiff in so changing and lessening the grade of the stream and in permitting the same to be obstructed.'' These allegations were put in issue by the reply. The bill of exceptions recites that, at the close of the testimony, ''the defendant requested the court, in writing, that it make written findings, and asked that his said request be entered in the minutes of the court, which was done, and defendant submitted certain specifications of points on which he desired findings: [Here follows a request for specific findings, not findings on specific points.]'' These proposed findings are numbered from 1 to 11. Nos. 1 and 2 are marked ''Given,'' No. 7 is marked ''Found,'' and the others are marked ''Refused.'' Nos. 1 and 2 are purely formal, being covered by stipulations and admissions in the pleadings. No. 7 is to the effect that the plaintiff had some years subsequent to 1887 made a change in its sewer, so that for a distance of over one thousand feet it ran ''wholly westward of the original channel and on a different and lesser grade in places and with sharper angles than said channel had, and at points fifty to seventy-five feet away therefrom.'' This, if it had been properly made, would have been a finding in favor of the defendant. The other requested findings related to questions of fact which were real issues in the case; but did not embody all of the material issues or those which should have been determined in order to deduce those conclusions of law which were the necessary basis for a decree. Even though it be conceded that Nos 1, 2, and 7 as indorsed by the judge are findings of fact, it cannot be said that the word ''Refused'' written on the margin of the others is anything more than a refusal to make the spe-

cific finding requested. We cannot give our approval to the method of procedure adopted by the court.

But it is contended that this is a case of defective findings, and counsel cites the case of *Bordeaux* v. *Bordeaux*, 32 Mont. 159, 80 Pac. 6. In that case Mr. Chief Justice Brantly said: "There is in the record no bill of exceptions showing that the defendant, at the close of the evidence and argument in the cause, made written request for findings upon the subject of recrimination, *or any other issue.*" But we regard this as a case of total lack of findings, rather than defective findings. The findings, if there are any, are so lacking in substance as to be no findings at all. The defendant properly requested general findings. (Revised Codes, secs. 6763, 6764, 6766.) It then became the duty of the court to make findings. (Revised Codes, sec. 6764, *supra.*) Under the allegations in the pleadings it was very material to inquire to what extent, if at all, the defendant had deposited tailings in the stream. (*Fitzpatrick* v. *Montgomery*, 20 Mont. 181, 63 Am. St. Rep. 622, 50 Pac. 416.) The court should have determined what agency or condition caused the tailings to be deposited in the sewer, and should also have found upon all other material fact issues made by the pleadings, to the end that the parties may be advised of their respective legal rights upon the facts so found. The record is barren of any finding of fact that would justify the entry of the decree. Under the issues made by the pleadings, several important legal questions were raised, and the court should have drawn conclusions of law also. As it is, we have no idea, and the parties can have no idea, of the trial court's notion of what the defendant's legal rights were by virtue of proposed finding No. 7, assuming that the court attempted to adopt it.

As we have no means of knowing what facts will be found on a retrial, we refrain from discussing several other questions of law presented in the briefs of counsel.

The judgment of the district court of Lewis and Clark county and the order denying a new trial are reversed, and the cause

is remanded, with directions to the court below to retry the same.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.