## 28302. ROBINSON *v.* HERBST BROTHERS.

Decided November 28, 1940.

*S. P. Cain,* for plaintiff in error. *G. Maynard Smith,* contra.

Broyles, C. J. The original petition in this case, brought by Fred and Gustav Herbst, trading as Herbst Brothers, against W. H. Robinson, of Grady County, Georgia, avers that "the defendant is indebted to the plaintiffs in the full and complete sum of $1130.96, besides interest, upon an account which is now due, a copy of which is hereto attached, marked 'Exhibit A,' and made a part of this petition;" and that "defendant fails and refuses to pay said sum or any part thereof." The prayer of the petition is

that process issue, "requiring the defendant to . . appear at the next [January] term of the city court of Cairo, to answer . . petitioner's complaint." Exhibit A contains two writings in the form of letters, dated respectively August 24 and September 11, 1935, addressed to W. H. Robinson, Cairo, Georgia, signed "Herbst Brothers by Gustav F. Herbst," and concluding, "Accepted. [Signed] W. H. Robinson." The body of the first of these writings begins: "We take pleasure in confirming sale to you for account of T. Sakata & Company of 15,000 lbs. Mustard, Southern Giant curles at $.06 per lb., f. o. b. Yokohama, subject to crop outturn, and pro rata delivery in case of crop failure." The contract further provides that the seed are to be "strictly 1936 crop, high germinating seed of Messrs. T. Sakata & Co., own growing;" that marine insurance is "to be effected by sellers at contract value;" that in no case are "sellers to be responsible after delivery of goods in good order to the carrier;" that "Herbst Brothers give, for themselves or their principals, no warranty, express or implied, as to description, quality, productiveness, or any other matter, of any seeds, bulbs, or plants they sell, and will not be responsible for the crop;" and that "any dispute in connection with this contract, unless directly settled, is subject to adjudication by arbitration by the New York Produce Exchange." The writing contains other provisions that are not material to the issues involved. The other writing appearing in exhibit A of the petition is in form and substance the same as the first one, except as to date and the kind and quantity of seed contracted for. It begins: "We take pleasure in confirming sale to you for account of T. Sakata & Company of 3000 lbs. Turnip, Sakata's Foliage (Improved Shogoin)," etc.

At the appearance term of the court the defendant demurred to the petition "as a whole because the same sets forth no cause of action against the defendant in favor of the plaintiffs; and because no statement of the account is set forth in said petition; and because it is not shown how the contract of sale set forth in the petition resulted in any liability on the part of the defendant to the plaintiffs." The plaintiffs then offered to amend the petition (a) by striking therefrom "the contract which is attached to said petition and referred to in said petition as exhibit A, and (b) "by adding the following itemized account and making it a part of the petition:" Here follows a statement of the account, made up of

3000 lbs. of turnip seed, described as in exhibit A, valued at six cents per pound, and aggregating $180; 15,000 lbs. of mustard seed, described as in exhibit A, valued at six cents per pound, and aggregating $900; plus the following: "Charges: packing charges $42.21, insurance $6.25, consular fee $2.50; making a grand total of $1130.96." The defendant filed substantially the following objections to said amendment: 1. No cause of action is set out in the original petition and there is nothing to amend by. 2. Said amendment "sets out a new and different cause of action, in that the original petition is one on written contracts, and said amendment seeks to abandon said suit on said contracts and to set forth a suit on an open account." 3. "Defendant objects to said amendment because no cause of action is set forth in the original suit, and no cause of action is set forth in the amendment against defendant." The court overruled the foregoing objections and allowed the amendment "subject to demurrer;" and to this judgment the defendant excepted. After the petition had been amended the defendant renewed his original demurrers, and further demurred to the petition as amended as follows: 1. It "sets forth no cause of action in favor of plaintiffs and against defendant." 1a. "The amendment introduced a new cause of action in that the original suit was on written contracts and the petition as amended is one on open account." 2. "There was nothing in the original petition to amend by, in that no cause of action was set forth therein against the defendant in favor of the plaintiffs; and because the petition as amended sets forth no cause of action against defendant." The court then rendered the following judgment: "The within and foregoing demurrers and original demurrers . . are hereby overruled." Exception was duly taken to this judgment.

"Relatively to the law of pleading, a cause of action is some particular legal right of the plaintiff against the defendant, together with some definite violation thereof which occasions loss or damage." *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691, 700 (13 S. E. 809) ; *City of Columbus* v. *Anglin*, 120 *Ga.* 785, 790 (48 S. E. 318). We are satisfied that the petition was not subject to the original demurrer, provided, of course, the action was brought by the party in whom the legal interest in the transaction was vested, as required by Code, § 3-108. However, it is strenuously contended by counsel for plaintiff in error that the copy contracts attached to the

petition clearly show that Herbst Brothers sold the seed in question merely as agents for T. Sakata & Company, and not for Herbst Brothers themselves. Both copy contracts attached to the petition show that the clause "for account of T. Sakata & Company" is interlined precisely as hereinbefore set out. In *Terry* v. *International Cotton Co.,* 136 *Ga.* 187 (70 S. E. 1100), the court held: "While the expression 'sold for your account,' standing alone, may not indicate a contract of sale by one of the parties to the other, yet that taken as a whole the writing had that effect." That case appears to be in line with the general rule that similar expressions "have no rigid and unchangeable significance," and are not incantations which unfailingly invoke agency. Equitable Trust Co. *v.* Rochling, 275 U. S. 248 (2), 252 (48 Sup. Ct. 58, 72 L. ed. 264). See also 22 C. J. 1199, § 16. Our view is that the clause "for account of T. Sakata & Company" does not in itself, or in connection with other parts of said contracts, show that the plaintiffs sold the seed in question merely as agents of T. Sakata & Company, and not on their own account. Neither do we think that the following clause of the contracts shows this: "Herbst Brothers give, for themselves or their principals, no warranty, express or implied," etc. This clause appears to be a form designed to exclude warranty in the particulars indicated, whether Herbst Brothers acted as principals or agents, and does not show of itself, or when viewed in connection with the entire contract, that Herbst Brothers were acting merely as agents for T. Sakata & Company. Of course the fact that the seed were grown by T. Sakata & Company and shipped directly to the defendant has little or no bearing on the question under consideration. A careful reading of the case of *Hanks Foundry Co.* v. *Woodstock Iron Works,* 127 *Ga.* 108 (56 S. E. 106), relied on by counsel for plaintiff in error, satisfies us that it is not controlling here. In that case not only did the contract strongly indicate that the pig iron was sold by Woodstock Iron Works, but the petition, as amended, alleged that "the defendant knew . . that it was contracting with plaintiff; that the statement 'for account of the Woodstock Iron Works,' in the contract, was understood by plaintiff and defendant to mean a purchase from plaintiff, as seller, by defendant, as buyer, and was so acted on and treated through the entire transaction; and that the defendant knew that Rogers, Brown & Co. and C. E. Foust were

agents and subagent for plaintiff, in securing the order contained in the contract." The amended petition in that case also substantially averred that the plaintiff had actually furnished the defendant with the larger part of the iron contracted for, and the action was brought to recover the difference in the selling price and the market price of the iron that the defendant refused to accept. Our view is that the original petition and the copy contracts attached thereto do not show that Herbst Brothers were not proper plaintiffs to the action.

In the second place, we are of the opinion that under our liberal laws of amendment the court properly allowed the plaintiffs to amend the original petition by striking therefrom the copy contracts attached thereto and substituting for them the copy of the account hereinbefore substantially set out. "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." Code, § 81-1303. In this case we are, of course, concerned only with that part of the Code section inhibiting amendments making new and distinct causes of action. "All parties, whether plaintiffs or defendants . . , may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code, § 81-1301. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." § 81-1302. This section is based largely on the decision in *Ellison* v. *Georgia Railroad Co.*, supra. From that decision we quote as follows: "The builder must construct at least a slight foundation, using proper materials, and go far enough in the development of his plan to show not merely the kind of structure, but the particular edifice he designed to erect; then he may go on and complete it. But he will not be allowed to reject either his foundation or his plan and substitute another. He may repair

the foundation or vary the plan in some of its particulars, but must preserve the identity of both. The outcome must be the identical edifice designed in the beginning, and not substantially a different one." The petition in the instant case averred that "the defendant is indebted to the plaintiffs in the . . sum of $1130.96, besides interest, upon account which is now due, a copy of which is hereto attached." The defendant demurred, "because no statement of the account is set forth;" and the copy contracts, attached to the petition by amendment, specifically set out the same 3000 lbs. of turnip seed and 15,000 lbs. of mustard seed that make up the sum total of the account $1130.96, with the exception of three small items aggregating $50.96. It thus clearly appears that the original design of the plaintiffs was to sue on an account; and the fact that the defendant successfully invoked by his demurrer the attaching of the account to the original petition leads strongly toward the conclusion that he was of the opinion that the action was one on account. In these circumstances we do not think that the amendment changed the original cause of action, and hold that it was properly allowed. Having reached the foregoing conclusion, we are satisfied that the petition as finally amended set out a valid cause of action on account, and that the court did not commit reversible error for any reason assigned.

*Judgment affirmed. · MacIntyre, J., concurs. Gardner, J., disqualified.*