[Civ. No. 8181. Third Dist. Apr. 23, 1953.]

CARL H. ANDERSON, Respondent, v. DANTE A. PAS-TORINI et al., Appellants.

Marvin J. Colangelo for Appellants.

F. Edmund O'Connell for Respondent.

VAN DYKE, J.—Plaintiff and respondent brought action against defendants and appellants for money alleged to be due him for construction work he performed in completing the defendants' club and café, and in building a related residence. The complaint contained two counts. One was based upon an alleged cost plus fee contract whereunder he was to furnish all labor, services and materials necessary to complete the work for a compensation of total cost plus 10 per cent. This total cost was alleged to be $25,151.33, to which was added $2,515.13 compensation. Only $19,000 had been paid. Judgment was asked for the balance. A separate count was in common count form alleging that appellants were indebted to respondent in the sum of $8,666.46 as the reasonable value of work, labor, services and materials performed and furnished at their request. By their answer the appellants denied that there existed a cost plus contract and on the contrary alleged that the work done by respondent was done under a contract whereby they were to pay him for the work on both buildings a total of $19,000, which sum they alleged they had paid. The trial court found against appellants' allegations of a fixed sum contract; found that plaintiff had furnished and performed labor, materials and services and had been paid therefor the total sum of $19,000; found that by what respondent had done appellants had received benefits amounting to $4,232.82 in excess of the $19,000 they had paid.

Appellants state that they "base their appeal on the fact that the preponderance of the evidence clearly indicated that

a fixed price had been agreed upon, and had been fully paid.''

Of course the rule that issues in civil causes are to be decided according to the preponderance of evidence has application in the trial court and not in the reviewing court. The question here is whether or not the findings of the trial court upon the facts is supported by substantial evidence in the record. We have examined the record and therefrom it appears that appellants did present much evidence and most persuasive evidence that the contract was as alleged by them.

However, the respondent likewise presented evidence that the contract was as he claimed it to be. It will suffice to mention the following: The club and café building which was the principal structure involved had been begun and partially completed by a contractor who had for some reason gone off the work and left it unfinished. Some of his work was materially defective and had to be remedied before the building could be completed. There were no written plans or specifications and indeed when the contract was made there was no oral agreement that was in anywise detailed as to what was still to be done. There were broad indications as to what remained to be done resting in the state of completion to which the building had been brought, but there was nothing more than that. In this situation respondent testified that while he gave an estimate of what it would require to complete the building and also gave an estimate as to what would be required to construct the dwelling house, yet he definitely refused to take the work on a fixed fee contract basis because of the great uncertainty as to what installations, materials and labor would be required. He testified positively that upon his refusal to take the contract on a fixed fee basis it was agreed that he would go ahead and complete the building as ordered by appellants, doing such work and following such plans as they should from time to time direct and that it would be for appellants to pay the costs and to pay him his 10 per cent thereof as his compensation. It is not necessary to labor the proposition that the foregoing constitutes substantial support for the court's finding that the contract was not a fixed fee contract. The decision of the trier of fact on this issue must prevail. (*Goldberg* v. *Underhill*, 95 Cal.App.2d 700 [213 P.2d 516]; *Macart* v. *San Joaquin Bldg. & Loan Assn.*, 45 Cal.App.2d 395 [114 P.2d 395]; *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427 [45 P.2d 183].)

Aside from appellants' contentions hereinbefore discussed that the findings of fact to the effect there was no

specific agreement for a fixed fee contract were unsupported, the appellants contend that their objection to certain testimony given by respondent as a qualified expert on matters having to do with building construction should have been sustained. We do not agree. To qualify himself to give such testimony respondent stated that he had been a licensed contractor for approximately three years before doing the work for appellants; that before that period he had been general superintendent for a construction company in San Francisco for about a year and a half, and that before that time and for two or three years he had been in charge of construction work at various places in the state; that he was generally familiar with laws regarding contractors. We think it clear that the foregoing qualified him to testify as an expert witness. Any objection to his qualifications in view of the foregoing would go only to the weight to be accorded to his testimony.

■ A trial court's findings are to be construed so as to support rather than to destroy the conclusions of law and the judgment made and rendered. (24 Cal.Jur., §§ 229, 230, 231.) ■ Such construction of course must be reasonable. We think that in accordance with the foregoing rule it clearly appears that the trial court found that there was no fixed fee contract between the parties; but that there was an agreement on the part of respondent to perform all of the work required and to furnish all of the labor and materials requisite therefor and that he was to be reasonably compensated. ■ The court specifically found that respondent had furnished all the labor and materials set forth in his corrected bill of particulars; and that thereby and by his services he had conferred upon appellants benefits totaling $4,232.82 in excess of what he had been paid. This must be construed as a finding the respondent furnished work, labor and services of the reasonable value allowed and responds to the issues tendered in the common count. (*Wilson* v. *Smith*, 61 Cal. 209; 3 Cal.Jur. "Assumpsit," § 2, p. 374; 14 So.Cal.L.Rev. 289-294.)

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.