[Civ. No. 8606.   Third Dist.   Aug. 2, 1955.]

GARLAN EPLEY, Respondent, v. CHARLES I. CUNNINGHAM, Appellant.

Sutter, Elledge & Carter for Appellant.

Heenan & Arnoldy for Respondent.

VAN DYKE, P. J.—This appeal is from a judgment in the sum of $1,044.78 rendered against defendant and appellant. Plaintiff and respondent filed a complaint wherein he alleged that within the four years last past defendant became indebted to respondent's assignor on an open book account, in the sum adjudged to be due, for labor and materials furnished by said assignor to appellant. The answer denied generally all the allegations of the complaint and affirmatively pleaded that there had been an accord and satisfaction of the demand sued on. The court found that the allegations of the complaint were true, that the allegations of accord and satisfaction were not true, and gave judgment in the amount sued for.

During the course of the trial when the respondent sought

to prove the debt alleged to be owing, by evidence other than books reflecting a book account, appellant objected that the cause of action pleaded was one based on a book account and that it could only be proved by the production of qualified books reflecting the account. The objection was overruled and respondent's assignor was permitted to testify orally to the transactions which he claimed resulted in a debt in the amount sued for, supporting his testimony by various documents called "purchase orders" and other records between respondent's assignor and appellant. Appellant assigns this as error.

A pleading alleging the existence of a balance due and owing on a book account is basically an ordinary action to collect a debt. The reference to a book account is important only where, save for such an allegation, the action would be subject to the bar of the statute of limitations. Because a book account kept in the ordinary course of business creates a situation where the parties are not left entirely to recollection the Legislature has seen fit to grant a greater period of time in which the action may be brought. There is little, if any, other significance or distinction between an ordinary action of debt and one based upon a book account. But even though a suit be brought in the form of an action based on a book account it is still permissible for plaintiff to prove the debt by oral testimony and by evidence other than a qualified book account. In this case there was substantial evidence to prove the debt sued on. The cause was fully tried. Both respondent's assignor and appellant testified concerning the pertinent transactions between them. It is true that respondent testified that he did, in fact, have a set of books which reflected the transactions making up his cause of action and that he had not brought the books to court. However, appellant made no pretrial demand that the books be produced, nor did he ask during the trial that they be brought in. His position was that respondent could only prove his cause by the books of his assignor.

Concerning such a situation Wigmore says:

"Since the book is merely a statement about the transaction, and is not the transaction itself, the Parol Evidence rule does not apply, and therefore the transaction, as such, can be proved orally without producing or accounting for the book." (Wigmore on Evidence, 3d ed., § 1558.)

The author cites *Cowdery* v. *McChesney*, 124 Cal. 363, wherein the following appears at page 365 [57 P. 221]:

"In excluding evidence of the items of the account, a copy of which was in plaintiff's claim against the estate of Kasson, and also set out in the complaint in this action, and in ordering that the account must be proved before the plaintiff would be permitted to go into the items of it, the court erred. The only way an account can be proved ordinarily, is by establishing by evidence the several items of the same, and the oral evidence of persons having personal knowledge, of the transactions is the best evidence of the items, unless there is something to indicate that such items accrued in pursuance of, or are the result of, a written contract between the parties. The fact that one or both of the parties have kept a book account of their transactions does not affect the rule of evidence, and the oral testimony of eye and ear witnesses to the transaction in which the various items of an account accrued is still primary and not secondary evidence of such items."

Appellant argues that the finding that appellant was indebted on a book account is not supported by the evidence. That is true to the extent that no book account was proved. But this leaves fully supported the essential finding of debt and the variance is not material.

Appellant had pleaded accord and satisfaction but nothing more need be said upon this issue than that the evidence was sharply in conflict as to whether there had been such accord and satisfaction and the court's finding that there had not been is sufficiently supported.

The judgment is affirmed.

Schottky, J., and Finley, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.