JOEL BALLENGER, Plaintiff and Respondent, v. OSCAR TILLMAN and MRS. OSCAR TILLMAN, husband and wife, Defendants and Appellants.

No. 9645.

Submitted December 5, 1957. Decided April 30, 1958.

324 Pac. (2d) 1045.

A. L. Libra, Thompson Falls, for appellants.

A. S. Ainsworth, Thompson Falls, for respondent.

MR. CHIEF JUSTICE HARRISON:

This is an appeal by the defendants, Oscar Tillman and his wife Mrs. Oscar Tillman, from a judgment in favor of the plaintiff, Joel Ballenger, rendered by the district court of the fourth judicial district of the State of Montana, in and for the County of Sanders.

In his complaint plaintiff alleged:

"1. That at all times herein mentioned the defendants were husband and wife, residing together as such.

"2. That the defendants are indebted to the plaintiff in the sum of Three Hundred and two and 74/100 Dollars ($302.74), being the balance due on stumpage from timber purchased of and from the plaintiff.

"That the plaintiff had demanded payment of and from the defendants and they have failed and still fail to pay said sum, or any part thereof, and the sum is still due and wholly unpaid; and that the plaintiff is entitled to interest on said sum at the rate of 6% per annum from date hereof."

Prayer for judgment for $302.74, with interest and costs.

On August 9, 1954, three days after the complaint was filed, the defendants filed a demand for a copy of the account sued on as provided under section 93-3804, R. C. M. 1947. This account was furnished by the plaintiff on August 11, 1954, and as filed stated:

"That the account sued on in the above-entitled matter is for timber cut from the land of the plaintiff near Heron, Montana, during the past year, for which the defendants agreed to pay $6.00 per thousand feet for mixed timber and $15.00 per thousand feet for white pine timber as stumpage.

"That 105,490 feet of mixed timber was cut and removed from said premises and 7,320 feet of white pine timber was cut and removed from said premises; and 10,000 feet of mixed timber was cut into logs but have not been removed by the defendant.

"That 105,490 feet of mixed timber at $6.00 per thousand amounts to $632.94. That the white pine timber so cut and removed at $15.00 per thousand amounts to $109.80. That the 10,000 feet of mixed timber cut into logs but not removed amounts to $60.00, making a total of $802.74.

"That defendants have paid to apply on said stumpage the sum of $500.00, thus leaving a balance due and unpaid for stumpage of $302.74.

"That this statement of account is rendered in compliance with the demand made by the defendants.

"Dated at Thompson Falls, Montana, this 10th day of August, 1954.

"/s/ A. S. Ainsworth

"Attorney for Plaintiff."

To this complaint, the defendant filed a general demurrer which was overruled.

Defendant answered and cross-complained, and plaintiff in due course replied thereto, denying each and every allegation contained therein.

The cause came on for trial February 21, 1955, at the con-

clusion of which defendant made written request for findings of fact and conclusions of law, and submitted proposed findings and conclusions to the court.

On April 18, the court duly entered its findings of fact and conclusions of law as follows:

"Taking the cause by its four corners and giving due consideration to all of the competent evidence, the Court finds by a preponderance of the competent evidence that the allegations of the Complaint of the plaintiff are true.

"The Court further finds there is an insufficiency of competent evidence to prove by a preponderance thereof the allegations of the affirmative defense and cross-complaint of the defendants, Oscar Tillman and wife.

"As a Conclusion of Law, the Court finds that the plaintiff is entitled as of right to Judgment as alleged and prayed for in his complaint.

"The Court further finds that the requested Findings of Fact and Conclusions of Law of the defendants should be refused and denied."

On April 23, defendant filed his exceptions to the findings of fact specifying as error that the findings were not decisive of the specific material issues raised in this action; that the findings are actually conclusions of law rather than findings of fact.

These exceptions were overruled and judgment subsequently entered for the plaintiff in pursuance to the prayer of his complaint. From this judgment the defendants have appealed.

Defendants appeal upon eight specifications of error, resolving themselves into the following issues to be dealt with seriatim:

(1) That the evidence is insufficient to sustain a judgment for the plaintiff but on the contrary the preponderance of the evidence is in favor of the defendant;

(2) That the evidence is insufficient to sustain a judgment against the defendant, Mrs. Tillman;

(3) That the findings of fact and conclusions of law made and entered by the court are insufficient to support the judgment;

(4) Nonjoinder of indispensable parties plaintiff; and

(5) The court erred in not sustaining defendants' motion to strike the cost bill.

In determining the first issue, we find that upon credible ▮▮▮ testimony of the plaintiff and three other witnesses there was sufficient evidence to sustain the judgment in plaintiff's favor. While Mr. Tillman's testimony was contradictory to plaintiff on the question of how much he had contracted to purchase the timber for, "we see no such inherent conflict as would warrant a departure from the well-established rule that the credibility of the witnesses and the weight to be given their testimony was for determination by the court below. Its findings supported as here by substantial evidence will not be disturbed. Ingalls v. Austin, 8 Mont. 333, 20 Pac. 637; Healy v. First National Bank, 108 Mont. 180, 89 Pac. (2d) 555; Wieri v. Anaconda Copper Min. Co., 116 Mont. 524, 156 Pac. (2d) 838; Giarratana v. Naddy, 129 Mont. 154, 160, 284 Pac. (2d) 254." Notti v. Clark, 133 Mont. 263, 322 Pac. (2d) 112, 113.

As to the second issue, it is clear that there was insufficient ▮▮▮ evidence to sustain any judgment against Mrs. Tillman. Upon cross-examination the following testimony adduced from the plaintiff negatives any recovery against her. The testimony conclusively states that the agreement and negotiations were made between Mr. Tillman and plaintiff.

"Q. Now, you made this agreement personally with Mr. and Mrs. Tillman jointly? A. No, sir, I made it personally with Mr. Tillman.

"Q. But you said during your direct examination that Mr. Tillman and his wife purchased the timber. * * * A. Mrs. Tillman—the money that I did receive from Tillmans was made out in a check by Mrs. Tillman, so therefore I sold the timber to Mr. and Mrs. Tillman.

"Q. Did Mrs. Tillman buy it from you? Who did you talk to when you made these negotiations? A. Mr. Tillman.

"Q. And did Mr. Tillman say 'Now, my wife and I are buying this jointly.'? A. No. * * *

"Q. Well with whom did you make the negotiations then? A. With Mr. Tillman. * * *

"Q. And where was this that he made this agreement? A. Where was it?

"Q. Yes. A. Right in among the timber. * * *

"Q. Was anyone else present? A. No.

"Q. Just the two of you? A. Yes, sir.

"Q. Not Mrs. Tillman? A. No."

It is clear that plaintiff's assertion that the agreement was made with both defendants was based upon his own conclusion of what payment for the timber by check, signed by Mrs. Tillman, meant. However, the evidence and testimony quoted above negatives any idea that Mrs. Tillman was a party to or entered into any negotiations with plaintiff. Plaintiff completely failed to prove any partnership, joint venture or other legal relationship existing between himself and Mr. and Mrs. Tillman jointly —as would sustain a judgment against Mrs. Tillman. Insofar as the judgment assumes to bind her, it is modified and the judgment should be amended so as to name only Mr. Tillman.

Under the third issue, the defendant contends that the findings of fact are insufficient for the reasons: (a) they are mere conclusions of law; and (b) the trial court failed to make findings on any of the issues in the case.

R. C. M. 1947, sec. 93-5303, provides for the court, in rendering its decision, to separately state its findings of fact and conclusions of law. This court has held that upon proper request it is the duty of the district court to make findings, in the absence of which the cause presents grounds for reversal. City of Helena v. Hale, 38 Mont. 481, 484, 100 Pac. 611; Rogers-Templeton Lumber Co. v. Welch, 56 Mont. 321, 327, 184 Pac. 838. In the cases cited we have also held that a cause may be

reversed, although findings are made, where such findings are so lacking in substance as to constitute no findings at all.

In the instant case, the findings are based upon the allegations of the pleadings. Although we have held that such findings are valid, nevertheless they must be weighed as to sufficiency by the complaint or pleading upon which they are based. Quinlan v. Calvert, 31 Mont. 115, 117, 77 Pac. 428.

If the findings of fact refer to the complaint, then to be sufficient, the complaint must state a cause of action. 89 C. J. S. Trial, sec. 630, p. 461; Neusted v. Skernswell, 69 Cal App. (2d) 361, 159 Pac. (2d) 49; Schomer v. R. L. Craig Co., 137 Cal. App. 620, 31 Pac. (2d) 396.

Since the findings of fact in the instant case are based upon the complaint, an examination of that instrument is mandatory for a determination of the present issue. It is quite apparent from the pleading that plaintiff has based his complaint upon the action on account, or as it is commonly known, on an "open account."

In section 93-3804, R. C. M. 1947, our code provides that, "It is not necessary for a party to set forth in a pleading the items of an account therein alleged * * *." Since no specificity of pleading is needed in this regard, it is not necessary to allege the items constituting the account, but an allegation that an indebtedness is owing from defendant to plaintiff for the balance due on "stumpage from timber purchased of and from the plaintiff" upon which demand the defendant has failed and still fails to pay, is sufficient to allege the ultimate facts required by our code to state a cause of action. R. C. M. 1947, sec. 93-3202, subd. 2.

It has been said, if the complaint states ultimate facts and not conclusions of law drawn from facts, in ordinary and concise language, so that the man on the street may know what is charged therein, it is immune to a general demurrer or to an objection to the introduction of testimony on the ground that it does not state a cause of action. Wells-Dickey Co. v. Embody,

82 Mont. 150, 156, 266 Pac. 869; and see First State Bank v. Mussigbrod, 83 Mont. 68, 73, 271 Pac. 695; Borgeas v. Oregon Short Line R. R. Co., 73 Mont. 407, 416, 236 Pac. 1069; Stricklin v. Chicago, etc., Ry. Co., 59 Mont. 367, 370, 197 Pac. 839.

The ultimate facts alleged in the instant case are that defendant bought certain stumpage from plaintiff, and has refused to pay the balance due upon such purchase though requested so to do. This court has held that one need not allege a promise if one is implied from the pleadings. Conrad Nat. Bank v. Great N. Ry. Co., 24 Mont. 178, 183, 61 Pac. 1. Implicit in the allegation of purchase from plaintiff is a promise to pay for the property. Would the man on the street have any difficulty in determining what was charged in the complaint? We think not.

Pleadings, nearly identical, except for the subject matter, have been held good against general demurrers in other jurisdictions. Epley v. Cunningham, 134 Cal. App. (2d) 769, 286 Pac. (2d) 380; Tillson v. Peters, 41 Cal. App. (2d) 671, 674, 675, 107 Pac. (2d) 434; Farwell v. Murray, 104 Cal. 464, 466, 38 Pac. 199; Central Lumber Co. v. Jones, La. App. 1937, 175 So. 849, 851; Robinson v. Herbst Bros., 63 Ga. App. 738, 12 S. E. (2d) 77.

In Central Lumber Co. v. Jones, supra, the complaint essentially alleges: "James Jones * * * is * * * indebted unto your petitioner in the full sum of Six Hundred and Eighty-two and 75/100 Dollars, with five per cent interest thereon * * * for * * * [lumber] sold and delivered to James W. Jones, Jr." This complaint was held sufficient against a general demurrer.

"In a suit on account, 'only slight averments are necessary to state a cause of action.' Henry Darling, Inc. v. Harvey-Givin Co., 40 Ga. App. 771, 151 S. E. 518, 520." Taylor v. Sterns Coal Co., 44 Ga. App. 662, 162 S. E. 838.

California has a statute identical to our section 93-3804, found in California Code Civil Procedure, sec. 454, and in commenting on that section and its effect on pleadings, 1 Cal. Jur. (2d).

Accounts and Accounting, sec. 27, pp. 344, 346, states: "It follows that a count in a complaint averring that the defendant is indebted to the plaintiff on account is not subject to a general demurrer, nor to special demurrer for ambiguity and uncertainty for not stating where and when the cause of action accrued or setting forth the items of the account."

In line with the above authorities we hold the complaint states a cause of action.

We come now to the question of whether the findings based upon the complaint are sufficient to sustain the judgment. In determining this question certain rules of construction regarding findings of fact are applicable and should be considered.

"Ultimate facts, as distinguished from evidentiary ones, are the findings a trial court should make. Lea County Fair Association v. Elkan, 52 N. M. 250, 197 Pac. (2d) 228." Shephard v. Graham Bell Aviation Service, 56 N. M. 293, 243 Pac. (2d) 603, 605; 17 A. L. R. (2d) 913. See also Ely v. Montana State Federation of Labor, 117 Mont. 609, 614, 160 Pac. (2d) 752.

"The sufficiency of the findings of fact to support a judgment is to be tested by the same rules that are applied to test the sufficiency of a pleading to state a cause of action. Miller v. Gusta, 103 Cal. App. 32, 283 Pac. 946." Carpenter v. Froloff, 30 Cal. App. (2d) 400, 86 Pac. (2d) 695.

"It is an established rule of law that the findings of fact are to receive such a construction as will uphold rather than defeat the judgment thereon." 24 Cal. Jur., Trial, sec. 230, p. 1009; 89 C. J. S. Trial, sec. 625, pp. 452, 454; Alles v. Hipp, 108 Cal. App. (2d) 730, 239 Pac. (2d) 451; Perry v. Manning, 109 Cal. App. (2d) 557, 241 Pac. (2d) 43; Anderson v. Pastorini, 117 Cal. App. (2d) 428, 255 Pac. (2d) 855.

"It will not be presumed that the court impliedly found facts inconsistent with the express findings. Beaverhead Canal Co. v. Dillon E. L. & P. Co., 34 Mont. 135, 85 Pac. 880." Crosby v. Robbins, 56 Mont. 179, 193, 182 Pac. 122, 125.

If the findings are in exact accord with issues framed by the pleadings and every ultimate fact[0] is covered that is all that is required. California Canning Peach Growers v. Williams, 11 Cal. (2d) 221, 78 Pac. (2d) 1154, 1160.

In Peterson v. Murphy, 59 Cal. App (2d) 528, 139 Pac. (2d) 49, 53, the court said: "In Haigler v. Donnelly, 18 Cal. (2d) 674, 676, 117 Pac. (2d) 331, the court said that there was no error in the failure of the trial court to make an express finding upon an issue if it was implicit in the findings made, and that there is no necessity to negate contradictory allegations. And in New Blue Point Mining Co. v. Weissbein, 198 Cal. 261, 244 Pac. 325, 45 A. L. R. 781, the court said that the affirmative findings of the trial court on certain issues by necessary implication carried with them a negative finding of the truth of facts alleged in opposition thereto. * * *

"However, if we were to assume that the findings as made do not cover all material issues raised by the pleadings, failure to find on an issue is not ground for reversal unless it appears that there was evidence introduced as to such issue sufficient to sustain a finding in favor of appellant (24 Cal. Jur. 940, 941; Powell v. Johnson, 50 Cal. App. (2d) 680, 683, 123 Pac. (2d) 875); and where a finding, if made, would necessarily have been against appellant, he cannot complain of the lack of such finding. Moore v. Hoar, 27 Cal. App. (2d) 269, 81 Pac. (2d) 226, 238; Johnson v. Peck, 90 Utah 544, 63 Pac. (2d) 251, 254; Consolidated Irr. Dist. v. Crawshaw, 130 Cal. App. 455, 462, 20 Pac. (2d) 119; Brooks v. Bailey, 40 Cal. App. (2d) 310, 316, 104 Pac. (2d) 854; 24 Cal. Jur. 944."

Governed by the above rules, the findings in the instant case are sufficient. Since they are based upon the pleadings they are couched in terms of ultimate facts. The rule is established both in Montana and in Calfiornia that findings merely referring to the truth of all allegations of the complaint and the falsity of those found in the answer and cross-complaint are sufficient. Quinlan v. Calvert, supra; Kalmus v. Cedars of

Lebanon Hospital, 132 Cal. App. (2d) 243, 281 Pac. (2d) 872; Wexler v. Goldstein, 146 Cal. App. (2d) 410, 304 Pac. (2d) 41; Larsen v. City & County of San Francisco, 152 Cal. App. (2d) 355, 313 Pac. (2d) 959; 24 Cal. Jur., Trial, sec. 214, pp. 986, 988.

Furthermore, a cursory examination of the record would make it amply apparent that any change in the findings as requested by defendant would not aid his cause, because there is insufficient evidence to sustain any finding in favor of appellant. Petersen v. Murphy, supra.

The holding in Epley v. Cunningham, supra, 134 Cal. App. (2d) 769, 286 Pac. (2d) 380, is particularly applicable to this case; wherein it is stated: ''Plaintiff and respondent filed a complaint wherein he alleged that within the four years last past defendant became indebted to respondent's assignor on an open book account, in the sum adjudged to be due, for labor and materials furnished by said assignor to appellant. * * * The court found that the allegations of the complaint were true, that the allegations of [affirmative defense] * * * were not true, and gave judgment in the amount sued for.''

In commenting upon the sufficiency of the findings the court said in 286 Pac. (2d) at page 381:

''A pleading alleging the existence of a balance due and owing on a book account is basically an ordinary action to collect a debt. * * *

''Appellant argues that the finding that appellant was indebted on a book account is not supported by the evidence. That is true to the extent that no book account was proved. But this leaves fully supported the essential finding of a debt and the variance is not material.''

The next issue is whether the plaintiff failed to join in his action allegedly indispensable parties plaintiff. It appeared at the trial that the plaintiff and his wife had contracted to purchase the land upon which grew the subject of this litigation— the timber. Proceeds from the sale of timber were to be applied

on the purchase price of the lands. However, plaintiff's wife, or the vendors, were never made parties to the suit, nor did defendants at the trial, or prior thereto move for dismissal on the ground of defect of parties plaintiff.

Section 93-2801 provides that every action must be prosecuted in the name of the real party in interest.

Section 93-2828 provides that the court "may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in."

Generally any defect in parties must be taken advantage of ▮▮▮ by special demurrer or else it is deemed waived, R. C. M. 1947, sec. 93-3301; Church v. Zywert, 58 Mont. 102, 107, 190 Pac. 291; McKenzie v. Evans, 96 Mont. 1, 10, 29 Pac. (2d) 657, or if the defect of parties does not appear on the face of the complaint then to move for non-suit at the trial. Thompson v. Shanley, 93 Mont. 235, 244, 17 Pac. (2d) 1085, followed in Cormier v. Fraser, 1956, 130 Mont. 170, 296 Pac. (2d) 1021.

It is only where the rights of persons not made parties would ▮▮▮ be prejudiced by a decision in their absence, that this court will reverse a case for failure to properly join parties plaintiff. McKenzie v. Evans, 96 Mont. 1, 10, 29 Pac. (2d) 657; State ex rel. Delmoe v. District Court, 100 Mont. 131, 46 Pac. (2d) 39, 42; Emery v. Emery, 122 Mont. 201, 200 Pac. (2d) 251, 265; State ex rel. Valley Center Drain District v. Board of County Commissioners, 100 Mont. 581, 51 Pac. (2d) 635, 639.

There are no facts in the instant case bringing it within the ▮▮▮ latter rule. Absence of the plaintiff's wife could not by any stretch of the imagination result in prejudice to her. As to the joining of the vendors, assuming arguendo only that they would be prejudiced by this decision in their absence, that point has become moot, since at the trial it was adduced that they had

been fully paid, and that plaintiff had executed a mortgage to another person, the terms of which were not introduced. The vendors could not be prejudiced for the reason that they had received everything they were entitled to under the purchase contract—payment in full.

The last issue presented is whether the court erred in not granting defendants' motion to strike plaintiff's cost bill for the reason it was not filed within the statutory time limit.

The court made findings of fact and conclusions of law on April 18, 1955, and filed them on April 21. Judgment was signed April 28 and filed April 29.

Plaintiff filed his memorandum of costs and disbursements on April 29, which defendants moved to strike on April 30. The court refused to sustain defendants' motion on May 12.

R. C. M. 1947, sec. 93-8619, provides: "The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court or referee or, if the entry of the judgment on the verdict or decision be stayed, then before such entry is made" his memorandum of costs.

The findings of fact and conclusions of law entered herein, stayed the entry of judgment in that the court provided:

"The defendants, and each of them, are hereby given five (5) days from date hereof within which time to prepare, serve and file exceptions hereto, and if no such exceptions are filed herein within that time, then let judgment be given and made as prayed for in the said plaintiff's complaint."

Defendants filed exceptions to the findings on April 23, which were overruled by the court on April 28 by an order which further provided:

"It Is Now Hereby Further Ordered that Judgment be given and made in favor of the plaintiff and against the defendants as prayed for in said complaint."

In this situation, we hold the cost bill was filed in time.

We have examined defendants' specifications of error very carefully, and with the exception heretofore discussed, find them without merit.

The case is remanded to the district court with directions to strike Mrs. Tillman's name from the judgment; as amended the judgment is affirmed, each party to pay his own costs.

MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.

HON. DEAN KING, District Judge, sitting in place of MR. JUSTICE BOTTOMLY.

DEAN KING, District Judge:

I am dissenting in this case, not because I think an injustice has been done, but because I think it establishes a legal precedent which if followed will have a very adverse effect upon judicial proceedings in Montana designed to settle disputes and secure justice as between litigants. Our code system of pleading was adopted as an improvement on the old common-law system in which the pleadings were largely formal and largely legal conclusions. The complaint in this action is similar to but not sufficient as a common-law complaint.

I believe that the more fully the facts are set forth in the pleadings the better it is for the parties, the courts, and the taxpayers. Under the code, where the facts constituting the cause of action are to be set forth in the complaint, denials, admissions and allegations of new matter constituting a defense or counterclaim are required to be set forth in the answer, and demurrers to all pleadings are provided for. Many of the important legal questions which may arise in a given case are decided before trial, when witnesses and jurors are not in attendance, and the judge is not under pressure for an immediate decision. Sometimes those decisions determine the case. Some times they are such that they enable the parties to get together on a settlement and avoid the trial altogether. Trials are expen-

sive. To wait for the calling of a jury is sometimes a hardship upon a litigant. The more that is decided in advance of a trial the better for all concerned.

Also I have found in decided cases that sometimes when I start to write my findings of fact and conclusions I think the decision should go one way. By the time I have completed them I see it must go the other way. Writing findings of fact and conclusions of law is the logical procedure for a judge to follow in arriving at the proper judgment. The statute requires it. I do not believe the statutory requirement for writing them should be a mere formality to be brushed aside except in cases where it could clearly serve no purpose.

I think our codes were enacted for the purpose of achieving those results. They require the complaint to state the *facts constituting* the cause of action in ordinary and concise language. Some Montana cases, including this, have added to that requirement "so that the man on the street may know what he is charged with." I cannot see that that in any way either enlarges or limits the code provision. If the facts constituting the cause of action are set forth in ordinary and concise language he should understand what he is charged with. If they are not, he probably will not so understand.

In this case the complaint alleges only that defendants are indebted to plaintiff $302.74, being the balance due on a sale of stumpage purchased from plaintiff. On direct examination plaintiff testified that he sold the stumpage to one defendant, Oscar Tillman, but did not testify to any agreed price. He further testified that the reasonable value of the stumpage was a certain amount. On cross-examination he further testified that he and Tillman agreed to a price which was the same amount as his testimony showed to be the reasonable value. The findings do not show whether the conclusions and judgment are based on his testimony as to the reasonable value or the agreed price. The law is that if they did not agree on the price that Tillman was indebted to plaintiff for the reasonable value of

the timber; that if they did agree on a price, no matter if that agreed price was exorbitant, Tillman was indebted to plaintiff for that agreed price. The amount of the indebtedness is based on the facts and law as applied to those facts. It is a conclusion of law as the cases almost universally hold.

Under this decision the majority holds that the *result or effect* of the facts and the applicable law may be stated in a complaint, and that that *result or effect* is a statement of the *ultimate facts* constituting the cause of action. If that principle is applied in all cases it completely destroys our system of pleading designed to keep the law and facts separate, so that much of the law in a case may be decided in advance of the trial.

About the time that California adopted their codes of pleading—the same as ours—judges and lawyers were familiar with common-law pleading. Code pleading was new. The early courts held that pleading according to the common-law counts was sufficient. They have followed that holding although the judges adhering to it frequently have expressed dissatisfaction with it, and have practically ceased to contend that allegations such as in this case are anything but conclusions of law. The decisions of that state are in confusion. This is discussed further on with regard to Smith v. Bentson, 127 Cal. App. Supp. 789, 15 Pac. (2d) 910.

This decision is somewhat like those California decisions and must lead to the same result—confusion. We cannot cover the whole field of confusion but one phase of it is this. Montana has held that you cannot show the defenses of payment, of a stated account, statute of limitation, and similar defenses, under a general denial. In California, where the complaint is pleaded as a common count the defendant may urge such defenses under a general denial. DeSantis v. Miller Petroleum Co., 29 Cal. App. (2d) 679, 85 Pac. (2d) 489, 491; Evans v. Zeigler, 91 Cal. App (2d) 226, 204 Pac. (2d) 902, 905; Wallace v. Crawford, 21 Cal. App. (2d) 394, 69 Pac. (2d) 455, 461. Also in Heaton-

Hobson Associated Law Offices v. Arper, 145 Cal. 283, 78 Pac. 721, the syllabus of Pacific Reporter reads:

"In an action for the reasonable value of services, an answer denying that 'defendant is indebted to the said plaintiff in the sum of $699, or in any sum,' is sufficient to present an issue in the case."

Another difficulty will arise. If this or any other case with similar pleading is tried with a jury, the jury must determine the facts. The court must instruct them as to the law applicable to those facts. Eliminating the cross-complaint and supporting testimony of defendant, before this decision, we district judges would have instructed the jury in effect, "Defendant has admitted the purchase of timber from plaintiff. If you find that they agreed on the price of the timber sold you will find for the plaintiff in the amount of the agreed price less any payments made by defendant. If you do not find that they agreed on the price you will find for plaintiff in the amount of the reasonable value of the timber taken, less any amount paid by defendant." Under this decision perhaps we should instruct the jury, "Defendant has admitted the purchase of the timber. Therefore you will find for plaintiff in the amount that defendant owes him." It is for the jury to determine the ultimate facts. Under this decision the only ultimate fact for the jury to determine is the amount that defendant owes the plaintiff.

Under this Montana decision the whole field of special defenses and counterclaims will need to be covered by supreme court decisions, and until those decisions are made, district courts will be in the dark with regard to what evidence should be admitted on a general denial of complaints similar to this.

The majority opinion states that in this case "plaintiff has based his complaint upon *the* action on account, or as it is commonly known, on an 'open account'." I cannot find that we have in Montana "*the* action on account." All that I can find is the general rule for pleading all actions and section 93-3804,

R. C. M. 1947, which relieves the pleader, in setting forth the facts of the existence of an account, from setting forth the items of that account. I do not think the Georgia rule cited in the majority opinion of Taylor v. Sterns Coal Co., 44 Ga. App. 662, 162 S. E. 838, to the effect that "In a suit on account, 'only slight averments are necessary to state a cause of action'" should influence the decisions in Montana. Under our codes an action on an account stands on the same footing as one on any other contract.

I agree with the disposition in this case so far as the defendant, Mrs. Oscar Tillman, is concerned. I also agree that there is sufficient competent credible evidence to support the judgment of the district court against Oscar Tillman, and that a case should never be reversed *on the evidence* where that is the case.

While I do not think this complaint states a cause of action, I do agree that the judgment cannot be reversed on that ground. Sufficient evidence to sustain the judgment was admitted without objection.

I agree that generally and, at least so far as this case is concerned, a finding that the allegations of the complaint are true constitutes sufficient findings of fact to support a judgment based on the complaint if the complaint states a cause of action which is the basis for that judgment. I also agree that, in order for findings of fact based on the complaint to be sufficient the complaint must state a cause of action. This rule is subject to the exception, implicit in the statement in the majority opinion that "where a finding, if made, would necessarily have been against appellant, he cannot complain of the lack of such finding."

This case is an action by the seller of the right to cut and remove trees from land owned by plaintiff and his wife as tenants in common. The complaint does not allege either or both the defendant purchased the stumpage and does not allege that delivery. However, defendant, Oscar Tillman, did allege and

prove those facts, and accordingly no findings are necessary as to those facts.

However, there is no allegation in the complaint, and consequently no finding of fact as to what the reasonable or agreed value of the stumpage was. There is no finding of the amount that defendant, Oscar Tillman, promised expressly or impliedly to pay for the stumpage.

Plaintiff, on direct examination, testified that the stumpage was of the reasonable value of $15 a thousand feet for white pine, and $6 a thousand feet for other timber. On cross-examination he testified that his agreement with Oscar Tillman was that Tillman was to pay him that amount. Oscar Tillman testified that the reasonable value of all the stumpage was $2.75 a thousand feet, and that that was what he agreed to pay. There was only about ten thousand feet of white pine and about one hundred thousand feet of other timber. Tillman had paid $500 on the stumpage, and claimed that he had overpaid before finding out the small amount that he had taken.

I cannot understand how this court can say:

"Furthermore, a cursory examination of the record would make it amply apparent that any change in the findings as requested by defendant would not aid his cause, because there is insufficient evidence to sustain any finding in favor of appellant."

The testimony of neither the plaintiff nor defendant as to the agreed price was impeached other than by the contradictory testimony of the other. The testimony of each as to the reasonable value was corroborated by considerable other testimony. The price or value of the timber was the only issue in the case.

In Chealey v. Purdy, 54 Mont. 489, 492, 171 Pac. 926, 927, the court, speaking through Chief Justice Brantly said: "These rules apply to all actions, whatever their nature, for the provisions of the Codes on the subject of pleadings [cited supra], furnish the exclusive guide as to what pleadings are required or are permitted in this jurisdiction. As applied to an action on a

contract resting in parol, the plaintiff must allege the contract upon which he seeks to recover, a substantial performance of it according to its terms, a breach by the defendant, and the facts showing the amount he is entitled to recover.''

For the seller to recover on the sale of goods he must prove either an agreed price or the reasonable value of the goods sold. He must also allege it. In a case tried without a jury on proper demand the court must find either the agreed price or the reasonable value. The findings in this case do not contain such a finding because they are based on a complaint that has no such allegation.

The majority opinion apparently holds that this complaint does contain that allegation by way of inference from the allegation that defendants are indebted to plaintiff $302.74, for a balance due on the sale of stumpage purchased from plaintiff.

In support of that position the majority opinion cites section 93-3804. As I read that section it merely provides that it is not necessary in a pleading to set forth the *items* of the account. It does not relieve the pleader of the obligation to allege the total agreed price or the reasonable value of the property sold.

The majority opinion also cites three California cases, one Georgia case, and one Louisiana case. I do not have the Georgia case or the Louisiana case, and do not have their statutes available, but why go back to Louisiana? I thought their law was based on the Code Napoleon. Why rely on Georgia without citing their codes? Of the California cases cited, two sustain the position. I submit that Tillson v. Peters, 41 Cal. App. (2d) 671, 107 Pac. (2d) 434, does not. Farwell v. Murray, 104 Cal. 464, 38 Pac. 199, is a common count pleading. Epley v. Cunningham, 134 Cal. App. (2d) 769, 286 Pac. (2d) 380, a court of appeals case, does sustain the contention, but why rely on these California cases. The California cases are inconsistent, not only with Montana, but with each other. Smith v. Bentson, supra, was against husband and wife. Plaintiff appealed from the judgment in favor of the wife. The complaint alleged that de-

fendants "became indebted to the plaintiff in the sum of $75 professional services rendered by plaintiff" to the husband. The court gave very careful consideration to the question of the sufficiency of the complaint, considered it first, as a pleading under the code which requires the facts to be pleaded, and then held it insufficient because the allegation that defendants became indebted was a conclusion of law. Next it considered it as a common-law pleading, and again held it insufficient. It cites about thirty California cases on the proposition that a "complaint which states a fact essential to the cause of action only by way of a conclusion of law is sufficient." [127 Cal. App. Supp. 789, 15 Pac. (2d) 910.] About half held such a complaint sufficient; half held it insufficient. In Epley v. Cunningham, supra, the court does not indicate whether the complaint was sustained because it considered the allegation that defendant became indebted to plaintiff was an allegation of an ultimate fact or because it considered the allegation sufficient although it was a conclusion of law.

Montana has consistently held that an allegation of a conclusion of law does not aid the pleader. The last case was Waite v. Standard Acc. Ins. Co., 132 Mont. 220, 315 Pac. (2d) 989. However see Mining Securities Co. v. Wall, 99 Mont. 596, 45 Pac. (2d) 302, which is apparently inconsistent insofar as some of the general statements are concerned. Long ago when courts and lawyers understood the rules of common-law pleading and the rules of code pleading were new, it was held by many courts that the allegation of an indebtedness in accord with common-law pleading was sufficient under the code, and in some of those states, particularly California, we find considerable confusion resulting from the attempt to permit pleading of legal conclusions under the common-law forms, and still in other cases recognizing the code. Montana has an early case where this influence appears, Herbst Importing Co. v. Hogan, 16 Mont. 384, 41 Pac. 135. However, the complaint in that case was held bad on another ground. Twenty-four years after the decision

in the Herbst case the supreme court in an able and extensive opinion, Truro v. Passmore, 38 Mont. 544, 100 Pac. 966, in which the authorities were reviewed, held that money obtained through fraud could not be recovered under the common-law count for money had and received. The opinion was by Judge Henry C. Smith, concurred in by Justice Holloway and Chief Justice Brantly. In the course of the opinion it is said in 38 Mont. at page 549, 100 Pac. at page 968:

"* * * A complaint, fashioned after a common-law count, may or may not state facts sufficient to constitute a cause of action under the Code. It would be unprofitable to examine all of the common-law counts, and determine which, if any of them, would or might be sustained as a sufficient statement of facts to constitute a cause of action under our system, and we do not therefore decide that any of them may be sustained; neither do we at this moment think of any which, in our judgment, could be sustained. Suffice it to say that there is in this state no action for the money had and received, as such, and there is no common law in any case where the law is declared by the Code. (Revised Codes [1907], Sec. 8060 [now R. C. M. 1947, sec. 12-104.]) The common counts have been superseded by our system of code pleading. A complaint, under this latter system, must contain a statement of the facts constituting the cause of action in ordinary and concise language. (Revised Codes [1907], sec. 6532, supra [now R. C. M. 1947, sec. 93-3202].) If the phraseology of any common count is adequate in the particular case to bring the pleader within the code rule, then his pleading is sufficient; otherwise it is not. Where a pleader elects to employ the language of a common count, he subjects himself to the rules governing the construction and sufficiency of complaint under the Codes; that is to say, if a common count will in fact state his cause of action in ordinary and concise language, it is good. If it will not, it is bad."

The Supreme Courts of Idaho and Washington followed that case with thorough approval of the reasoning therein. Moser

v. Pugh-Jenkins Furniture Co., 31 Idaho 438, 173 Pac. 639, L. R. A. 1918F, 437; Ludwig v. Hollingsworth, 153 Wash. 654, 280 Pac. 60. It has never been reversed in Montana. The allegation of the reasonable or agreed value or price of the property sold is certainly as necessary an allegation of fact required in an action to recover that price or value as are the facts constituting fraud in a fraud case. In the case under consideration we have no allegation of the price or value, only the allegation of the legal conclusion that there is a balance of $302.74 due and owing on stumpage purchased from plaintiff. In Medford Furniture & Hardware Co. v. Hanley, 120 Or. 229, 250 Pac. 876, the complaint had exactly the same defect, but far more complete allegations as to the transaction than does this complaint. The Supreme Court of Oregon held that the allegation that there was a balance due plaintiff from defendant on a sale of goods and materials was a conclusion of law, and reversed the judgment because there was no allegation of the reasonable or agreed value of the goods furnished.

Connelly Co. v. Schlueter Bros., 69 Mont. 65, 69, 220 Pac. 103, 104, states that defendants' "general denial of the legal conclusion contained in the complaint 'that the said purchase price of $2,199.53 is now long past due and owing from defendants to the plaintiff' did not raise an issue of fact." That statement was necessary to sustain the ruling of the court in that case. It was not dictum.

Chesney v. Chesney, 33 Utah 503, 94 Pac. 989, holds that an allegation of indebtedness in a certain amount is a legal conclusion insufficient to support a judgment. Beginning on page 991 of 94 Pac. it cites many authorities to the same effect.

In Thompson v. Lincoln Nat. Life Ins. Co., 110 Mont. 521, 524, 105 Pac. (2d) 683, it is indicated that an allegation that the balance due had been tendered is a conclusion of law.

I think that the findings of fact, being based on a complaint that does not state facts sufficient to constitute a cause of action are insufficient to support the conclusion of law and judgment.

I think that defendant has taken the necessary steps to be entitled to a finding as to the price or value of the stumpage sold, and that in the absence of such finding the judgment should be reversed.

On another matter appearing in his case I am not clear. The plaintiff himself testified in effect that he alone sold the stumpage involved to be cut from land owned by himself and wife as tenants in common. His wife was not a party to the sale. She is not a party to this action. There was no testimony that she even knew of the sale, the cutting of the timber, or of the action. It seems to me that after this judgment is paid and satisfied in full that she can still recover from defendant for her interests in the timber or damage to her property. However, it seems to me that plaintif should not be allowed to recover without making her a party. However Courtney v. Gordon, 74 Mont. 408, 241 Pac. 233, seems to be against me. As to that question I will not dissent—but neither do I concur.