38153. ATKINSON *et al. v.* DRAKE.

Decided April 8, 1960.

486

John L. Lee, Robert P. Johnston, Vester M. Ownby, for plaintiffs in error.

Sheats, Parker & Webb, Guy Parker, contra.

CARLISLE, Judge. Reasonably construed, the petition in this case alleges that the plaintiff is the owner of a building lot to which was attached as an appurtenance an easement over the defendant's lot for a roadway; that said roadway was open and in

use and that the defendant has wrongfully closed it and that the plaintiff, as the result of the defendant's action, has sustained damages to his realty. " 'Relatively to the law of pleading, a cause of action is some particular legal right of the plaintiff against the defendant, together with some definite violation thereof which occasions loss or damage.' *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691, 700 (13 S. E. 809) ; *City of Columbus* v. *Anglin*, 120 *Ga.* 785, 790 (48 S. E. 318)." *Robinson* v. *Herbst Bros.*, 63 *Ga. App.* 738, 740 (12 S. E. 2d 77). There is no doubt that the petition in this case sets forth a cause of action as against a general demurrer.

While it is true that there is nothing in the plaintiff's deed which mentions or in any way refers to the easement, it is well settled in Georgia that an easement appurtenant passes with the dominant estate although the conveyance thereof is not expressly mentioned in the deed conveying the dominant estate. *Stovall* v. *Coggins Granite Co.*, 116 *Ga.* 376 (42 S. E. 723) ; 28 C. J. S 708 et seq., Easements, § 46; 17A Am. Jur. 754, Easements, §§ 150, 151. The reservation of an easement in a deed by which a common grantor conveys a part of his estate is equivalent for the purpose of the creation of the easement to an express grant of the easement by the grantee. *O'Barr* v. *Duncan*, 187 *Ga.* 652 (4) (2 S. E. 2d 82). While the plaintiff's petition alleges that his lot is a vacant lot and an inference may be drawn therefrom that he was not in actual occupancy thereof at the time the petition was filed, even if these allegations may be construed as showing that the plaintiff was not at the time of the obstruction thereof, and prior thereto, using the easement, this would not be sufficient to defeat his right to recover, since an easement acquired by grant is not abandoned by a mere nonuser without something else evidencing an intent to abandon it. *Tietjen* v. *Meldrim*, 169 *Ga.* 678, 695 (151 S. E. 349).

The petition alleges that the defendant erected the fence in question on or about December 20, 1955. The petition was filed on July 5, 1959. The action was not barred by the statute of limitations. Code § 3-1001.

It follows that the judge of the superior court did not err in overruling the general demurrers to the petition as amended.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*